## Tennessee Valley Authority v. Stratton.

March 2, 1948.

Joe L. Price, Judge.

Joseph Swidler, Charles J. McCarthy and John C. Lovett for appellant.

Henry H. Lovett, Sr. and Henry H. Lovett, Jr. for appellee.

OPINION OF THE COURT BY JUDGE SILER—Reversing.

J. L. Stratton, the appellee, recovered judgment against Tennessee Valley Authority, a corporation generally known as TVA, the appellant, for $200 in damages for the loss of a foxhound. TVA moved for an appeal.

As a ground for reversal of the judgment, it is now contended that prejudicial error was committed by the trial court's failure to direct a verdict for TVA.

Stratton, the owner of a blueblooded bitch, a foxhound of the first water, went fox hunting on TVA prop-

erty on the first Saturday night of May, 1946. In the glory of this chase, the hound fell into an open well and was drowned. The top part of the well had been removed by TVA so that the well was just a hole in the ground, partly obscured by vegetation. No warning sign marked the location of the open well. Although this hound was a good one, she had not been licensed. And Stratton said she fell to her death in the early part of Sunday morning, an illegal time for hunting, the chase having continued through the better part of the entire night as frequently occurs in this pastime. Stratton had been in the habit of hunting over this TVA property, even occasionally going in company with TVA employees. Hunting had not been forbidden and every one knew hunters were perfectly welcome on this property.

As all lawyers realize, three things must be alleged and proven in order to justify submission of an ordinary tort case to a trial jury for its discretionary verdict, viz., (a) damages, (b) negligence, (c) causal connection between the damages and the negligence.

As to the first essential, we are quick to recognize that Stratton proved damages. In the great fraternity of fox hunters, a man's hound is a pearl of considerable price. A common man may freely enjoy without tax or ticket the open air symphony of the melodious harmony of a pack of hounds on a cool, clear night and therein find that life is good if not somewhat glorious. He often recognizes the distinct voice of his own dog and takes pardonable pride in the leadership of that dog running out there ahead of all the rest. He does not need psychic power to know that "Old Queenie" is really leading the whole outfit. The hound that runs the bushytail with enthusiasm is just a little lower in the fox hunter's affections than his children. And although habitual fox hunters toil but little and spin but spasmodically, yet Solomon in his palmiest days never had more of the wealth of real happiness than one of these fox hunters, a wealth to which the hound makes a mighty contribution. Sometimes a man goes fox hunting just for the music, sometimes he goes for surcease from unhappy home life, sometimes he goes in pure pride over the "best dog in the whole country." But

under any of these conditions, the hound is worth its price and there is always a ready market for the ugliest flop-ear that ever ran a ridge, provided it has the skill, staying qualities and power to deliver the goods in a real race. Stratton had plenty of damage and we have no doubt that he proved it in a satisfactory way.

As to the second essential, we rather reluctantly meet our duty of saying that Stratton proved no negligence on the part of TVA. This reluctance springs from the fox hunting proclivities of some members of our court. Some of us are also fox hunters.

The law, however, is well established in a case of this kind. Such established law recognizes that an owner of premises owes no duty to licensees except the duty of refraining from any wilful act of injury. Cummings' Adm'x. v. Paducah Grain & Elevator Co., 190 Ky. 70, 226 S. W. 345. Such established law also recognizes that a licensee must take the property of his license just as he finds it. Bales v. L. &. N. R. Co., 179 Ky. 207, 200 S. W. 471.

A license is an "authority or liberty given to do or forbear any act; permission to do something, etc." An invitation, on the other hand, is a "solicitation." See Merriam-Webster Unabridged Dictionary.

If Stratton had been an invitee instead of a mere licensee, TVA would have owed him and his hound greater duty, a duty of using ordinary care to keep its premises in safe condition. See Bridgford v. Stewart Dry Goods Co., 191 Ky. 557, 231 S. W. 22. But a person is not considered an invitee, as the term is ordinarily employed, when he is on premises for his own purpose rather than for some purpose beneficial to the owner of such premises. Sage's Adm'r v. Creech Coal Co., 194 Ky. 415, 240 S. W. 42.

All evidence on this trial indicates that Stratton was permitted rather than solicited to hunt on TVA property. Likewise, all of such evidence indicates that Stratton's hunting was done for the benefit of himself and his eager hound rather than for that of TVA. Therefore, Stratton and his good hound were licensees, not invitees, on the occasion of this chase. And so, TVA owed them no duty except that of refraining from any

act of wilful injury against them. And under these circumstances, the trial court should have directed a verdict for TVA.

It is not necessary to consider the third essential of this cause nor the unlicensed condition of Stratton's hound nor the illegality of his Sunday hunting on this occasion.

Wherefore, the motion for an appeal is sustained and the judgment is, for the reason recited, now reversed with directions for further proceedings consistent herewith.