## NUGENT v. CITY OF LOUISVILLE.

Court of Appeals of Kentucky.
Oct. 31, 1952.

Rehearing Denied Dec. 19, 1952.

Hunt & Fitch, Howard B. Hunt, William J. Francis, Louisville, for appellant.

Gilbert Burnett, S. M. Russell, Louisville, for appellee.

DUNCAN, Justice.

The appellant instituted this action against the City of Louisville to recover damages for personal injuries received as a result of falling on what is alleged to be one of the sidewalks of the city. The lower court sustained the motion of the city for a peremptory instruction and judgment was entered dismissing the petition.

The walkway where the accident occurred is located on the west side of 31st Street at Elliott and Magazine Streets. There had been a dedication of the street and the carriageway and curbing had been constructed by the city under the authority of a duly enacted ordinance. However, the city had not undertaken the construction or improvement of the walkway on either side of the street and no ordinance had been enacted providing for such construction.

The testimony indicates that cinders and ashes had from time to time been thrown on the walkway, presumably by abutting property owners for the purpose of making it more usable for pedestrians. There is some testimony that a representative of the city had called upon some of the abutting property owners to ascertain their wishes with reference to the construction of a sidewalk, but there is no evidence that the city had ever performed any work upon that portion of the street used by pedestrians.

It is true, as a general proposition, that a city is under a duty to exercise ordinary care to keep its streets in reasonably safe condition for public travel. However, this obligation exists only with

reference to those streets which the city has undertaken to improve. It is not required to improve or construct all the public ways of the city or the entire width of any given street. This is a matter necessarily within the discretion of the governing authorities of the city. Nevertheless, once the city has assumed control of any street to the extent of undertaking its improvement, it becomes charged with the duty of maintaining it in a reasonably safe condition.

Concerning the duty of municipal corporations in reference to their streets this court in Gee's Adm'r v. City of Hopkinsville, 154 Ky. 263, 157 S.W. 30, 46 L.R.A., N.S., 229, said:

"* * * we may say at the outset that three propositions relating to the duty of municipal corporations in reference to streets are well settled. One is that a city is under a duty to exercise ordinary care to keep its streets in reasonably safe condition for public travel. Another is that this duty does not arise except as to streets that the city has undertaken to improve; and yet another is that the manner or method adopted for the improvement of streets that the city undertakes to improve is left to the discretion of the governing authorities of the city. To state these propositions differently, the city may leave its streets, or any of them, in the condition in which they were when first established and set apart for public use, although they may have then been entirely unimproved."

To the same effect are the cases of Raines v. East Tennessee Telephone Co., 150 Ky. 670, 150 S.W. 830; Harney v. City of Lexington, 130 Ky. 251, 113 S.W. 115; Hale v. City of Louisville, 273 Ky. 361, 116 S.W.2d 656.

■ Nor is the rule less applicable because the city had constructed that portion of the street used by vehicles, leaving the walkways unimproved. The rule is stated as follows in 7 McQuillin, Municipal Corporations, Second Edition, Section 2931, page 71:

"The rule undoubtedly is that a municipality need not open a street for travel to its entire width, and if only part of the width has been opened for travel, only that part is required to be kept in condition."

Appellant insists that the common law liability of the city is not affected by the fact that it had not improved or constructed the walkway where the injury occurred and relies upon the opinions of this court in City of Madisonville v. Pemberton's Adm'r, 75 S.W. 229, 25 Ky.Law Rep. 347; City of Louisville v. Brewer's Adm'r, 72 S.W. 9, 24 Ky.Law Rep. 1671; Town of Bromley v. Bodkin, 77 S.W. 696, 25 Ky. Law Rep. 1245.

The City of Madisonville case is somewhat similar to the present case in that the injury there occurred on a walkway which apparently had not been improved or constructed by the city. However, the unsafe condition was brought about by the active negligence of the city in undermining the curbstone adjacent to the sidewalk. There it was stated:

"The hole by means of which the decedent was injured seems to have been caused by the cinders being washed out under the curbing into the street, owing, it is claimed, to the wrongful or negligent act of one of the city's employes, who, while engaged in some work for the city in the street, had undermined the curbing, thus taking away the support of the cinders which constituted the walkway."

In City of Louisville v. Brewer's Adm'r, supra, the city had annexed a county turnpike road with its duly constructed sidewalk and it was held that the annexation in its improved condition implied acceptance of the sidewalk. In the Town of Bromley case, there was no question concerning the improvement by the city. There the injury occurred on a sidewalk constructed of plank.

The distinction between each of these cases and the present case is obvious. Neither of them conflicts in principle with the views expressed in the later opinions which have been cited herein.

Inasmuch as the city was under no obligation with reference to the street at the point where appellant was injured, the court properly sustained the city's motion for a directed verdict.

The judgment is affirmed.