**KENTUCKY POWER COMPANY,**
Appellant,

v.

**John BAYES, as Next Friend of
Barbara Bayes, etc., Appellee.**

Court of Appeals of Kentucky.

Jan. 19, 1968.

John M. Williams, Gray, Woods &
Cooper, Ashland, Smith, Reed, Yessin &
Davis, Frankfort, for appellant.

Sam F. Kibbey, Ashland, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment
awarding plaintiff appellee damages for in-

juries suffered by her horse when it ran into a guy wire supporting a pole erected by defendant appellant. Though many other questions are raised, in our opinion the trial court erroneously overruled defendant's motion for a directed verdict.

Defendant's guy wire and pole were located on the private property of Charles Gee, which fronts on a highway. Between the pole and the right of way Gee had erected a four-foot fence. Plaintiff lived across the highway and her horse was kept there. One night the horse escaped from its stall, crossed the road and entered the Gee property, either through a gap in the fence or an open gate. Becoming frightened for some reason, the horse bolted toward the fence and ran into the guy wire, causing its injuries. The wire was not protected by a wooden or metal guard as is customarily used (or required) when such a wire is so located as to create a hazard to the traveling public.

The key to this case is the duty, if any, owed by defendant to the plaintiff. Since the guy wire was located on the private property of Charles Gee, defendant's duty was the same as Gee's would have been if he had created the condition. (We would have a different question if Gee were the injured party.) As a general rule the owner of land has no legal obligation to keep his premises safe for the trespassing animals of others. 4 Am.Jur.2d, Animals, sections 139, 140.

Plaintiff invokes the general duty of a landowner, who erects or maintains an instrumentality, not to expose to danger those members of the public he could reasonably apprehend might be endangered thereby. Reliance is placed on Raines v. East Tennessee Telephone Co., 150 Ky. 670, 150 S.W. 830, wherein it was held that the defendant would be liable to a member of the traveling public when an exposed guy wire was "placed so near a highway as to endanger persons traveling thereon". In that opinion it was pointed out that "du-

ties arise out of particular circumstances", such as the "peculiar situation of his property and its openness to accident" which would give "reason to apprehend danger". Obviously the principle enunciated and followed in that case is not applicable here because the facts put the present case in an entirely different category.

Since a four-foot fence separated the pole and guy wire from the right of way no members of the traveling public were exposed to this instrumentality, nor could defendant reasonably apprehend they would be endangered by it. Consequently, if plaintiff has a cause of action, it must be based on some other relationship which would impose upon defendant the duty to protect plaintiff's horse from this hazard.

There is no showing that the property owner Gee had given the plaintiff permission to use his property for the convenience of her wandering horse. (No livestock was kept in this field.) The fact is, the horse was a trespassing animal and defendant's duty to the plaintiff was no greater than the duty to any other trespasser. That duty was only to refrain from inflicting wanton or willful injury upon her or her horse (which would include setting a trap). Chesser v. Louisville Country Club, Ky., 339 S.W.2d 194. The mere maintenance of an exposed guy wire on private property does not constitute a violation of such duty.

The case of Muir v. Thixton, Millett & Co., 119 Ky. 753, 78 S.W. 466, is directly in point. There plaintiff's horse strayed upon private property and fell into an open cistern. It was held that defendant was entitled to a directed verdict because a landowner has no duty to make his premises safe for the benefit of the owners of domestic animals permitted to run at large. (The question of "attractive nuisance" was considered in that case but we have no semblance of such question here.)

The same principle has been applied even if the owner of the animal may be

classified as a "mere licensee". In Tennessee Valley Authority v. Stratton, 306 Ky. 753, 209 S.W.2d 318, the plaintiff was fox hunting on TVA property with the permission of the owner. His prize foxhound fell into an open well partly obscured by vegetation. It was held that a licensee must take the premises as he finds them and the landowner owes only the duty to refrain from committing some "wilful act of injury".

We cannot distinguish an open cistern or well from an exposed guy wire except that the former are infinitely more dangerous. The defendant owed no duty to protect plaintiff's horse from this hazard. Consequently there was no negligent breach of duty to the plaintiff. For an enlightening annotation on liability for the maintenance of guy wires under various circumstances, see 55 A.L.R.2d 178.

In the absence of a common law duty, plaintiff argues that defendant breached a regulatory duty. It appears that the Public Service Commission had adopted a National Electric code standard which provided:

"The ground end of all guys attached to ground anchors *exposed to traffic* shall be provided with a substantial and conspicuous wood or metal guard not less than eight feet long." (Emphasis added.)

It is perfectly obvious, and plaintiff's own expert witness testified, that a guy wire in a fenced rural field would not be "exposed to traffic" and consequently the regulation would not apply.

Having been unable to find any violation of a duty owed by defendant to the plaintiff, we conclude the defendant was entitled to a directed verdict.

The judgment is reversed, with directions to enter judgment for the defendant.

All concur.