Kellie Marie WHEELER, by her next
friend, John H. Wheeler, III, John H.
Wheeler, III and Joan Wheeler, Plain-
tiffs-Appellants,

v.

Thomas D. BAKER, Mr. & Mrs. Richard
A. Baker, Defendants,

and

The County of Eagle, Co., by and
through its County Commissioners,
Defendant-Appellee.

No. 80CA1241.

Colorado Court of Appeals,
Div. II.

Aug. 20, 1981.

Rehearing Denied Sept. 17, 1981.

Certiorari Granted Nov. 23, 1981.

Robert A. Francis, P. C., Robert A. Fran-
cis, Aspen, for plaintiffs-appellants.

Hall & Evans, David R. Brougham, Den-
ver, for defendant-appellee.

STERNBERG, Judge.

The minor plaintiff, Kellie M. Wheeler,
was critically injured when struck by an
automobile while walking along a two-lane,
paved county road in Eagle County. This
action was brought by her parents for inju-
ries and damages sustained as a result of
the collision. The case against Baker, the
driver of the car, and his parents subse-
quently was settled. Eagle County was
sued on the theory that it had a duty to
provide a pedestrian walkway along the
county road. The trial court granted sum-
mary judgment for Eagle County, and the
Wheelers appeal. We affirm.

Before a negligence action can be
maintained, there must be a duty of care,
and whether such duty exists is a question
of law to be decided by the court. *Metro-
politan Gas Repair Service, Inc. v. Kulik*,
Colo., 621 P.2d 313 (1980). In granting
summary judgment, the trial court as-
sumed, as the Wheelers alleged, that the
county had failed to provide a "safe and
sufficient" pedestrian walkway. It was un-
disputed that there was no sidewalk and
virtually no shoulder at the site where the
accident occurred. And, the record indi-
cates that trees and bushes growing from
an adjacent barrow pit extended to the
edge of the traveled portion of the thor-
oughfare, forcing pedestrians to walk on
the pavement.

The trial court concluded, and we
agree, that a county's failure to provide a
pedestrian walkway along a rural road can-
not constitute actionable negligence. *See*

*Oliver v. City of Denver*, 13 Colo.App. 345, 57 P. 729 (1899). The general rule is that failure to construct a sidewalk is not actionable negligence. 19 *E. McQuillin, Municipal Corporations* § 54.37 (3d ed. 1967); *see also Aruel v. City of Baton Rouge*, La.App., 234 So.2d 458 (1970); *Nugent v. City of Louisville*, Ky., 252 S.W.2d 915 (1952). The decision to install a sidewalk is within the discretion of the elected county officials. 13 *E. McQuillin, Municipal Corporations* § 37.-18 (3d ed. 1971); *C. Antieau*, 4 *County Law* § 37.07 (1966); *see* § 30–20–601, et seq., C.R.S.1973. And, "[t]he exercise of the power [to construct a sidewalk] being discretionary, a failure in this respect cannot be considered actionable negligence." *Oliver v. City of Denver, supra.*

Since none of the facts in dispute at the time summary judgment was granted were pertinent to the resolution of this issue, it was not error to resolve the issue on defendant's motion for summary judgment. *See Turner v. Grier*, Colo.App., 608 P.2d 356 (1979). And, because we agree with the trial court's conclusion that, as a matter of law, there was no duty, we affirm.

The judgment is affirmed.

COYTE, J., concurs.

PIERCE, J., dissents.

PIERCE, Judge, dissenting.

The rule adopted by the majority is too stringent when reviewed in light of today's political and social climate. When the rule announced by the majority was originally promulgated, sovereign immunity still had its full vitality in the law. This situation certainly prevailed when *Oliver v. City and County of Denver*, 13 Colo.App. 345, 57 P. 729 (1899), was decided.

In late years, however, the doctrine has been seriously eroded, and now, subject to reasonable restrictions as to timely reporting of accidents to the appropriate authority and other statutory restrictions, governmental entities are frequently held responsible for their negligent acts to an extent that approaches that placed upon the private sector. *See Evans v. Board of County Commissioners*, 174 Colo. 97, 482 P.2d 968 (1971); *Proffitt v. State*, 174 Colo. 113, 482 P.2d 965 (1971); § 24–10–101, et seq., C.R.S. 1973.

It is my view that, when they may be sued, governmental entities are, and should be, held to the same duty of care as are other alleged tortfeasors. That duty is to exercise reasonable care to protect foreseeable plaintiffs from injury and foreseeable damages. *See Leppke v. Segura*, Colo.App. 632 P.2d 1057 (Announced August 6, 1981, No. 80CA1131). Under that standard, a duty exists here, and the matter should have been submitted to the appropriate fact finder to determine if, under the circumstances of this case, the duty had been breached.