Kellie Marie **WHEELER, By her next friend, John H. WHEELER, III, John H. Wheeler, III, and Joan Wheeler, Petitioners,**

v.

The **COUNTY OF EAGLE, Colorado, By and Through its COUNTY COMMISSIONERS, Respondent.**

No. 81SC342.

Supreme Court of Colorado,
En Banc.

July 11, 1983.

Robert A. Francis, P.C., Aspen, James L. Gilbert, Arvada, for petitioners.

Hall & Evans, David R. Brougham, Denver, for respondent.

ERICKSON, Chief Justice.

We granted certiorari to review the Court of Appeals' decision in *Wheeler v. Baker,* 636 P.2d 1326 (Colo.App.1981), which affirmed the district court's entry of summary judgment in favor of the defendant, Eagle County. We reverse and return this case to the Court of Appeals with directions to remand to the district court for trial.

The plaintiffs, Kellie Marie Wheeler and her parents, John and Joan Wheeler, sued Thomas D. Baker and the County of Eagle (County) to recover for injuries sustained by Kellie when she was struck by Baker's vehicle while walking on Eagle County Road 13, a paved two-lane county road. The claims against Baker were settled and the County obtained summary judgment on the remaining claims. The affidavits submitted by the parties established that County Road 13 was adjacent to the KOA trailer court where a substantial number of high school students resided. Because a number of students resided at the trailer court, the Basalt high school homecoming floats were constructed in an area near the trailer court.

Kellie and several other friends were walking along County Road 13 after they had finished working on the homecoming floats. The road had only a narrow shoulder which dropped off into a ditch. Trees and bushes extended to the edge of the roadway forcing pedestrians to walk on the pavement. Kellie was struck by the vehicle driven by Baker while walking on the pavement.

In their complaint, the plaintiffs alleged that the County was negligent in failing to maintain County Road 13 in a reasonably safe condition for pedestrian use. The district court concluded that the County had no obligation to construct sidewalks along county roads and had no duty of care to pedestrians who sustained injuries while walking on the road. Summary judgment was granted in favor of Eagle County when the trial court held that the County could not under any circumstances be held liable for the injuries to the plaintiffs. The Court of Appeals affirmed, holding that Eagle County had no duty to provide a walkway for pedestrians and, accordingly, was not negligent.

We granted certiorari to determine whether it was error to enter summary judgment in this case and now reverse.

The standard to be applied in ruling upon a motion for summary judgment is set forth in C.R.C.P. 56(c), which provides:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions

on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Summary judgment is a drastic remedy and should not be granted when a genuine issue exists as to any material fact. *Jones v. Dressel,* 623 P.2d 370 (Colo.1981); *Ginter v. Palmer & Company,* 196 Colo. 203, 585 P.2d 583 (1978).

The affidavits submitted in response to the defendant's motion established material questions of fact which preclude entry of summary judgment. The factual predicate was that a large trailer court, where a number of high school students resided, was located near County Road 13. Trees and bushes which extended to the edge of the road forced pedestrians to walk on the pavement. A genuine issue exists as to whether, under the circumstances, the County failed in its duty to exercise reasonable care to ensure the safety of motorists and pedestrians who travel upon County Road 13. Therefore, a summary judgment should not have been entered for the County.

The district court and the Court of Appeals held that, because the County had no duty to construct pedestrian walkways along its roads, the County was absolved from all liability under all circumstances. The issue in this case is not whether the County is required to construct a sidewalk along County Road 13, but whether it breached its duty to maintain the roadway in a reasonably safe manner for members of public who use it. *Stephen v. City and County of Denver,* 659 P.2d 666 (Colo.1983). The Washington Supreme Court pointed out the error of entering summary judgment in a similar case when it declared:

"To sustain [Spokane County's] contention would be to hold, as matter of law, that regardless of the conditions existing on the bridge, regardless of the magnitude of the risk to pedestrians, and regardless of how simple and economical the construction of a sidewalk, or the reservation of space for pedestrians,

might be, the county would nevertheless be absolved from any liability for negligence."

*Berglund v. Spokane County,* 4 Wash.2d 309, 318–319, 103 P.2d 355, 360 (1940).

The trier of fact must determine whether there was a dangerous condition on County Road 13 which created an unreasonable risk of harm to those who use it. It is within the purview of the jury to decide whether the County knew or should have known of the condition and the risk to the public created by the obstructions on the road. Whether the County failed to exercise reasonable care under the circumstances and thereby caused the plaintiff's injury is a factual issue in this case that cannot be resolved by summary judgment.

Accordingly, we reverse the judgment of the Court of Appeals and return this case with directions to remand to the district court for trial.

ROVIRA and QUINN, JJ., dissent.

ROVIRA, Justice, dissenting:

I respectfully dissent.

The trial court granted summary judgment based upon its conclusion that the County had no duty, as a matter of law, "to construct a pedestrian walkway." The court of appeals affirmed, holding that "a county's failure to provide a pedestrian walkway along a rural road cannot constitute actionable negligence." *Wheeler v. Baker,* 636 P.2d 1326 (Colo.App.1981). The dissent in the court of appeals stated that the rule should be that a governmental entity has a duty "to exercise reasonable care to protect foreseeable plaintiffs from injury and foreseeable damages." *Id.* at 1327 (Pierce, J., dissenting). At every stage of the proceedings, the question has been whether the County owed a duty to the plaintiff, and, if so, what was the scope of that duty. The majority assumes the answer to that question, stating: "The issue in this case is not whether the County is required to construct a sidewalk along County Road 13, but whether it breached its duty to maintain the roadway in a reason-

ably safe manner for members of the public who use it."

It may be that the County should have a duty when it constructs a road to provide accommodation for pedestrians as well as automobiles. On the other hand, it might be concluded that the decision of how to allocate tax dollars should be within the discretion of elected officials. In any event, there are weighty policy considerations that can be brought to bear on each side of the question, and I believe that it is a substantial issue that deserves to be addressed.

One court has described the considerations involved in determining whether a duty exists as follows:

"An affirmative declaration of duty simply amounts to a statement that two parties stand in such relationship that the law will impose on one a responsibility for the exercise of care toward the other. Inherent in this simple description are various and sometimes delicate policy judgments. The social utility of the activity out of which the injury arises, compared with the risks involved in its conduct; the kind of person with whom the actor is dealing; the workability of a rule of care, especially in terms of the parties' relative ability to adopt practical means of preventing injury; the relative ability of the parties to bear the financial burden of injury and the availability of means by which the loss may be shifted or spread; the body of statutes and judicial precedents which color the parties' relationship; the prophylactic effect of a rule of liability; in the case of a public agency defendant, the extent of its powers, the role imposed upon it by law and the limitations imposed upon it by budget; and finally, the moral imperatives which judges share with their fellow citizens—such are the factors which play a role in the determination of duty."

*Raymond v. Paradise Unified School District,* 218 Cal.App.2d 1, 31 Cal.Rptr. 847, 851–52 (1963).

I believe that the court should address these factors and arrive at a considered decision, rather than merely assuming its conclusion. The question of the existence and scope of a duty is a question of law. *Metropolitan Gas Repair Service, Inc. v. Kulik,* 621 P.2d 313 (Colo.1980). It is our duty to answer the question. Therefore, I would address the question that has been the focus of this case from the outset: What is the nature and scope of a County's obligation to provide a method of safe transit for pedestrians along a county road?

I am authorized to say that Justice QUINN joins me in the dissent.