**Gary SZYMANSKI and Alice Szymanski, Plaintiffs–Appellants,**

**v.**

**DEPARTMENT OF HIGHWAYS OF the STATE of COLORADO and The City of Colorado Springs, Defendants–Appellees.**

No. 87CA1482.

Colorado Court of Appeals, Div. III.

Jan. 5, 1989.

Rehearing Denied Feb. 2, 1989.

Certiorari Denied July 17, 1989.

Radetsky & Shapiro, P.C., Steven A. Shapiro and James M. Edwards, Denver, for plaintiffs-appellants.

James G. Colvin II, City Atty., Jackson L. Smith, Asst. City Atty., and Stephen K. Hook, Colorado Springs, for defendant-appellee City of Colorado Springs.

CRISWELL, Judge.

Plaintiffs, Gary and Alice Szymanski, appeal from the judgment dismissing their complaint against the City of Colorado Springs (City). We affirm.

Gary Szymanski was injured on July 10, 1986, when a motorcycle he was operating collided with an automobile at an intersection in the City. Plaintiffs sued the City, among others, but the district court determined that plaintiffs' claims against the City were barred by the doctrine of sovereign immunity.

**I.**

Plaintiffs contend that the trial court erred in dismissing their claims against the City on the ground of sovereign immunity. We disagree.

Section 24–10–106(1), C.R.S. (1988 Repl. Vol. 10A) lists the circumstances under which a municipality may be sued in tort.

To the extent relevant here, § 24–10–106(1)(d) allows a suit for injuries resulting from a "dangerous condition" on a street which "physically interferes with the movement of traffic."

Section 24–10–103(1), C.R.S. (1988 Repl. Vol. 10A) defines "dangerous condition," and that definition expressly specifies that such a condition "shall not exist solely because the design of any facility is inadequate." Moreover, the lack of "traffic signs, signals or markings" does not constitute "physical interference with the movement of traffic." Section 24–10–106(1)(d), C.R.S. (1988 Repl.Vol. 10A).

Here, the gist of plaintiffs' complaint against the City was that there was a "blind spot" at the intersection, that the sight lines there were improper, that the posted speed limit was too high, and that there was no warning sign advising traffic that the intersection was dangerous. Despite plaintiffs' attempts to characterize these alleged flaws as other than design defects, all of them relate to claimed inadequacies in the design of that intersection. Thus, since such claims are specifically excluded from the type of claims that § 24–10–106(1) authorizes to be asserted, the trial court properly dismissed them.

## II.

Plaintiffs also claim that the trial court erred in suspending discovery pursuant to § 24–10–108, C.R.S. (1988 Repl.Vol. 10A), after the City raised the issue of sovereign immunity. We disagree.

Section 24–10–108 provides for suspension of discovery when the issue of sovereign immunity is raised by a public entity prior to or immediately after the commencement of discovery, except that discovery needed to decide the issue of sovereign immunity may continue. Here, the discovery sought by plaintiffs was not relevant to the issue of sovereign immunity as framed by the pleadings. Thus, we conclude that the trial court did not err in suspending discovery pursuant to § 24–10–108, C.R.S. (1988 Repl.Vol. 10A).

The judgment is affirmed.

VAN CISE and HODGES *, JJ., concur.