Mary **MESEROLE**, Plaintiff–Appellant,

v.

**CITY OF ASPEN**, a municipal corporation, Defendant–Appellee.

No. 88CA0175.

Colorado Court of Appeals,
Div. I.

July 27, 1989.

As Modified on Denial of Rehearing
Oct. 19, 1989.

Certiorari Granted Jan. 29, 1990.

James R. True, Aspen, for plaintiff-appellant.

Younge & Hockensmith, P.C., Earl G. Rhodes and Timms R. Fowler, Grand Junction, for defendant-appellee.

Opinion by Judge RULAND.

In an action to recover damages for personal injuries, plaintiff, Mary Meserole, appeals the summary judgment entered in favor of defendant, City of Aspen. Aspen moved for summary judgment contending that its sovereign immunity from liability for the claim was not waived by the provisions of § 24–10–106(1)(d), C.R.S. (1988 Repl.Vol. 10A). The trial court agreed and dismissed the complaint. We reverse and remand for further proceedings.

The record reflects that Meserole was walking on a public sidewalk in Aspen at night when she tripped over a two-inch piece of metal protruding above the sidewalk surface. Meserole suffered various injuries in the resulting fall. The protruding metal was the stub of a missing city "No Parking" sign.

## I.

■ Under § 24–10–106(1)(d), the defense of sovereign immunity is unavailable for injuries resulting from:

"A dangerous condition *of* a public highway, road, or street which physically interferes with the movement of traffic on the paved portion, if paved, or on the portion customarily used for travel by motor vehicles, if unpaved, *of* any public highway, road, street, or sidewalk within the corporate limits of any municipality, or *of* any highway which is a part of the federal interstate highway system ... or *of* any highway which is a part of the state highway system on that portion of such highway, road, street, or sidewalk which was designed and intended for public travel or parking thereon. As used in this section, the phrase 'physically interferes with the movement of traffic' shall not include traffic signs, signals, or markings, or the lack thereof...." (emphasis supplied)

In granting summary judgment for Aspen, the trial court was persuaded that any dangerous condition which caused Meserole's injury would have to have occurred upon a public highway, road, or street which is normally used for vehicular traffic. The court noted the omission of "sidewalk" in the initial statutory reference to "public highway, road, or street" and the inclusion of "sidewalk" in the second reference to that phrase. The court reasoned that use of the term in this manner evidenced a legislative intent to limit liability to that portion of a sidewalk which crosses an alley. Meserole contends that the court's interpretation of the statute was not correct. We agree.

■ We look first to the words of the statute to establish legislative intent. Unless an absurd result is reached by that process, the words and phrases must be accorded their plain and ordinary meaning. *Harding v. Industrial Commission*, 183 Colo. 52, 515 P.2d 95 (1973).

Reviewing the statute by this standard, we see that sovereign immunity is waived for a dangerous condition on certain public thoroughfares. These thoroughfares are enumerated following the word "of" based upon type and governmental classification. The initial description of thoroughfares is limited to public highways, roads, or streets which are not within the boundaries of a municipality and which are not part of the federal or state highway system. The succeeding enumerated access ways are those either within a municipality or within the federal or state highway system. Sidewalks are specifically included in the description of municipal thoroughfares. Thus, as pertinent here, the statute waives Aspen's immunity for:

"A dangerous condition ... of any public highway, road, street, or *sidewalk* within the corporate limits of any municipality...." (emphasis supplied)

This construction is consistent with the legislative history of the statute. A review of a transcript of the hearing before the General Assembly's House State Affairs Committee reflects that, as pertinent here, the principal point of concern was the decision in *Wheeler v. County of Eagle*, 666 P.2d 559 (Colo.1983). *See* Hearings on H.B. 1196 before the House State Affairs Committee, 55th General Assembly, Second Session, February 4, 1986. The issue in *Wheeler* pertained to whether the county could be liable for injuries to pedestrians walking upon paved portions of a county road because sidewalks or other access ways had not been constructed. However, we find no discussion in those proceedings of any legislative intent to preserve sovereign immunity for a statutorily defined "dangerous condition" that is present on a municipality's public sidewalk. *See* § 24–10–103(1), C.R.S. (1988 Repl.Vol. 10A).

In *Szymanski v. Department of Highways*, 776 P.2d 1124 (Colo.App.1989), this court affirmed the dismissal of a claim based upon alleged design defects in a city street intersection because the defects did not constitute a dangerous condition as defined in § 24–20–103(1), C.R.S. 1988 (Repl. Vol. 10A). To the extent that the *Szymanski* panel approved a contrary interpretation of § 24–10–106(1)(d) as an alternative basis for its conclusion, we decline to follow that decision.

**458**

## II.

Aspen also contends that entry of summary judgment in its favor was correct pursuant to the last sentence of the statute which defines interference with the movement of traffic. Relying upon the fact that this definition excludes "traffic signs," Aspen argues that sovereign immunity applies because Meserole tripped over the stub of a traffic sign. We find no merit in this contention.

Even if we could agree that the remnant of steel protruding from the sidewalk is properly characterized as a traffic sign, the sentence in question has no application here. To the contrary, sovereign immunity is waived by the statute for the dangerous condition of a public sidewalk within the corporate limits of any municipality without regard to whether the dangerous condition interferes with the movement of vehicular traffic.

Because of a pending request in the trial court by Meserole for discovery, we do not consider Aspen's remaining contentions relative to whether entry of summary judgment was proper based upon affidavits of certain city employees as to when they first learned of the sidewalk's condition. Meserole's request was supported by the affidavit of an investigator disclosing the identity of certain individuals who had given oral statements concerning the city's knowledge, but who declined to sign written affidavits. If depositions confirm the investigator's statements, a genuine issue of material fact exists and precludes resolution of this issue by summary judgment. Hence, the trial court must first address the discovery request. *See* C.R.C.P. 56(f).

The judgment is reversed and the cause is remanded with directions for further proceedings consistent with the views expressed in this opinion.

TURSI and HUME, JJ., concur.