[No. 7823.]

THE PEOPLE FOR THE USE OF THE LAMAR PUBLISHING.
COMPANY v. HOAG ET AL.

PUBLIC OFFICER—*Violation of Public Duty—Liability to Private Action*—The statute directing the county clerk to publish, prior to every election, the list of all nominations (Rev. Stat., Sec. 2159) prescribes a public duty, for the benefit of the public only. It imposes upon the clerk no duty towards the publisher of any newspaper, and his refusal to make such publication in the only daily newspaper of the county affords no action to such publisher.

*Error to Prowers District Court.*—Hon. HENRY HUN-TER, Judge.

Mr. C. C. GOODALE, for plaintiff in error.

Messrs. MERRILL & McCARTY, for defendants in error.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

The plaintiff in error filed a complaint in the court below, alleging substantially that Hoag was the county clerk of Prowers county, and the National Surety Company was surety on his official bond; that the publishing company was the owner and publisher of the only daily newspaper in that county; that it was entitled to have published, and that it was the duty of the county clerk to publish, therein, for at least six consecutive days prior to the election day in November, 1910, the list of all the nominations to office to be voted for at that election as provided in section 2159, Rev. Stat.; that the publishing company demanded of the county clerk that he publish this in the said daily newspaper for six successive days prior to the election, which the county clerk, in breach of his duties in that behalf, failed and refused to do, whereby the publishing company was damaged.

To this complaint a demurrer was filed, on the ground that the complaint did not state facts sufficient to constitute a cause of action. This demurrer was sustained by the court, and the plaintiff refused to further plead; whereupon, the complaint was dismissed and judgment rendered against the plaintiff for costs.

It is the contention of the plaintiff in error that it was the duty of the county clerk to publish the list of nominations in the daily newspaper, and if the clerk would have performed his duty in that behalf the paper would have received from the county, in payment for such publication, the sum of $972.00, and that because the plaintiff refused to publish it the publishing company was damaged in that sum. The defendants in error deny that the statute imperatively required the clerk to publish the list in a daily newspaper. We will not determine this, but will assume that the statute required that the clerk should publish the list in a daily newspaper if there was one published in his county. The plaintiff in error contends that while the duty of the county clerk to publish the list of nominations in the daily newspaper was a public duty, yet in this public duty was involved also a duty to the publishing company, and that the latter has suffered a special and peculiar injury by reason of the non-performance of the duty by the county clerk on the principle announced in Cooley on Torts, (3rd Ed.) p. 757, and 23 Am. and Eng. Ency. of Law, p. 379. *Gage v. Springer*, 71 N. E. 860, is cited to show the applicability of that principle to this case. There, however, the individual had paid a special assessment for a public improvement of a certain quality, and the public official had corruptly permitted the substitution of an inferior and cheaper quality. The publishing company, in this instance, did not part with any special consideration to obtain the publication, nor is the clerk charged with any corruption in failing to publish. Nor is the case of *Wright v. Shanahan*, 149 N. Y. 495, of assistance. There, it was the duty of the official to remove flush boards from the crest of a dam so as to permit the waters of a lake to flow over it until

the spring freshets had passed. As we understand that case, the duty imposed, and which had not been performed, was mainly for the purpose of preventing the impounded water from overflowing private lands. Of course under such circumstances, the injury was peculiarly of a private nature. *Raynsford v. Phelps*, 43 Mich. 342, is another case cited by plaintiff in error. There a statute provided that it was the duty of a tax collector to make collection from personal property upon the land before resort should be had to the land itself. Instead of performing that duty the collector falsely made a return of no goods, which made the land liable and it was sold. There the duty to take the personal property was more for the individual than for the public. The only interest the public had was that the tax should be collected, and it made no special difference to it whether it was collected out of the personal property or the land.

The statute requiring the clerk to publish the list of nominations was clearly intended for the benefit of the public, and not for the benefit of newspapers. The benefit to the latter was only incidental. Certainly the law was not passed with the idea of benefiting publishers. So that the duty imposed was purely a public one. When the duty imposed upon an officer is one to the public only, its non-performance must be a public, and not an individual injury, and must be redressed in a public prosecution of some kind, if at all.—2 Cooley on Torts, (3rd Ed.) 756. Numerous instances are given by the author. For instance, the duty of a policeman is to watch the premises of individuals and protect them against burglary and arson. If he goes to sleep in front of a house, and a burglar enters it or it burns down, which would have been prevented had the policeman been awake, the owner can not recover from the policeman, for the latter owed the former no legal duty. His duty was to the public. The author says further on:

"An individual can never be suffered to sue for any injury which technically is one to the public only; he must show

a wrong which he specially suffers, and damage alone does not constitute wrong."

In *Miller v. Ouray E. L. & P. Co.*, 18 Colo. App. 131, the minor son of the plaintiff, while confined in a jail, charged with a criminal offense, was suffocated by a fire which took place in the jail. The fire was charged to have been caused by defective electric wiring of the building. The county commissioners were made defendants with the electric light company. The plaintiff sought to hold the commissioners liable because the statute required them to make personal examination of the jail, of its sufficiency and management, and to correct all irregularities and improprieties found therein, which it was charged they failed to do. It was held that the duty imposed by the statute was a public one, and its breach was held not to constitute a private wrong for which the injured party could recover in an individual action. *Colo. P. Co. v. Murphy,* 78 Fed. 28, was a case in which Murphy, in his complaint, alleged that he was the lowest reliable and responsible bidder on a paving contract in the city of Denver, notwithstanding which, the board of public works awarded the contract to the paving company, in violation of a provision of the city charter that the contract should be awarded to the lowest reliable and responsible bidder. The court held that it was obvious that the provision of the charter was not enacted for the benefit of bidders, and that Murphy had no right of action. The court quoted from *Strong v. Campbell,* 11 Barb. 135, 138, wherein it was said:

"Wherever an action is brought for a breach of duty imposed by statute, the party bringing it must show that he had an interest in the performance of the duty, and that the duty was imposed for his benefit. But where the duty was created or imposed for the benefit of another, and the advantage to be derived to the party prosecuting, by its performance, is merely incidental, and no part of the design of the statute, no such right is created as forms the subject of an action."

In *Talbot P. Co. v. Detroit*, 67 N. W. 979 (Mich.), the substance of the opinion is stated in the *syllabus,* thus:

"Though a city charter requires contracts to be let to the lowest bidder, the lowest bidder under a contract proposed to be let by it, whose bid has been rejected, has no right of action at law against the city, to recover the profits which might have been made had his bid been accepted."

It was so held because the charter provision was not passed for the benefit of the bidder, but as a protection to the public. So in the present case, the statute was not passed in order that newspapers might make money by the publication of the list of nominations, but in order that the voters should be advised of the candidates whose names would appear upon the ticket at the election. The ruling of the district court, therefore, in sustaining the demurrer to the complaint, was right, and the judgment is affirmed.     *Judgment affirmed.*

Mr. Justice Garrigues and Mr. Justice Scott concur.