## No. C-109

Richard Quintano v. The Industrial Commission of the State of Colorado and James H. Shaffer, Albert S. Mangan, and Walter Johnson, Commissioners

(495 P.2d 1137)

Decided April 10, 1972.

132

Michael M. Laden, for petitioner.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Peter L. Dye, Assistant, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

We granted a petition for writ of certiorari to review the opinion of the Court of Appeals in *Quintano v. Indust. Comm.,* 29 Colo. App. 319, 485 P.2d 733 (1971). We affirm.

The petitioner brought an action for damages against the Industrial Commission and its three commissioners. He alleged that he had been employed as a die-setter in a plant; that the machine he was using had malfunctioned and severely injured him; that this and other machines in the plant had malfunctioned in the past and caused many severe and permanent injuries to employees; and that his injuries resulted from violation by the respondents of C.R.S. 1963, 80-2-1. This section reads in part as follows:

"The industrial commission of Colorado shall be charged with the inspection of all factories, mills, workshops. . . or any kind of an establishment wherein laborers are employed or machinery used, for the purpose of protecting said employees or guests against damages arising from imperfect or dangerous machinery. . ."

The trial court granted a motion to dismiss the complaint. The Court of Appeals affirmed on the basis that the statutory duty was owed to the public and not to an individual, citing *Richardson v. Belknap,* 73 Colo. 52, 213 P. 335 (1923) and *Miller v. Ouray E. L. & P. Co.,* 18 Colo. App. 131, 70 P. 447 (1902).

In *Richardson, supra,* it was held that members of a board of county commissioners were not liable for "carelessly and negligently" failing to erect railings upon a bridge, off which the plaintiff's automobile fell. The statute imposed a duty upon the county commissioners to keep highways in repair. The holding was two-pronged: (1) the statute imposed a public duty, and could not be used as the basis for recovery of damages for an individual injury; and (2) since the county was not liable under the doctrine of governmental immunity "[i]t would be inconsistent to. . . hold the officers liable." The doctrine expressed in this second prong was overruled

*sub silentio* in *Liber v. Flor,* 143 Colo. 205, 353 P.2d 590 (1960).[1]

*Miller, supra,* was cited in *Richardson.* There a minor was left alone, locked in the county jail. A fire occurred in the middle of the night and the minor suffocated. It was alleged that the fire was caused by defective electric wiring. Recovery was sought against the county commissioners for their failure to perform the duty required of them by statute to make an examination of the jail. It was held that the duty imposed was a purely public one and that the breach did not constitute a wrong for which there may be private redress.

*People v. Hoag,* 54 Colo. 542, 131 P. 400 (1913), was also cited in Richardson. In *Hoag* it was alleged that the county clerk had failed to comply with the statute which directed him to publish a list of nominations. The action for damages was brought by a newspaper publisher. This court said:

"The statute requiring the clerk to publish the list of nominations was clearly intended for the benefit of the public, and not for the benefit of newspapers. The benefit to the latter was only incidental. Certainly the law was not passed with the idea of benefiting publishers. So that the duty imposed was purely a public one. When the duty imposed upon an officer is one to the public only, its non-performance must be a public, and not an individual injury, and must be redressed in a public prosecution of some kind, if at all.

\* \* \*

[Quoting from *Strong v. Campbell,* 11 Barb. 135, in turn quoted in *Colo. P. Co. v. Murphy,* 78 Fed. 28]:

" 'Whenever an action is brought for a breach of duty imposed by statute, the party bringing it must show that he had an interest in the performance of the duty, and that the duty was imposed for his benefit. But where the duty was created or imposed for the benefit of another, and the advantage to be derived to the party prosecuting, by its

---

[1] Note Mr. Justice Hall's comment to this effect in his dissent in *Liber.*

performance, is merely incidental, and no part of the design of the statute, no such right is created as forms the subject of an action.' "

So far as the respondent Industrial Commission is concerned, we affirm on the basis of sovereign immunity. *Evans v. Board of County Commissioners,* 174 Colo. 97, 482 P.2d 968 (1971), except for the plaintiffs in the triad of cases then decided, made the abolition of governmental immunity prospective in its application, commencing on July 1, 1972. Under the Colorado Governmental Immunity Act, it appears that after that date the Industrial Commission will continue to be behind the shield of sovereign immunity in a case such as this one. Colo. Sess. Laws 1971, ch. 323, § 1.

The petitioner argues that a provision of C.R.S. 1963, 80-1-6 then in effect that under the name "Industrial Commission of Colorado" the Commission "may sue and be sued," provides for this action against it. We are unable to agree. This section does not authorize any particular liability.

We now reach the question whether, as applied to the individual members of the Industrial Commission, the statutory duty is public or is for the actionable benefit of an individual. The statutes in *Miller, Hoag,* and *Richardson,* all *supra,* clearly imposed duties for the benefit of the public generally and not for that of particular individuals or classes. In contrast, the statute here under consideration specifically designates the classes of individuals for whose benefit it is intended, viz.: employees and guests. Under the above quoted language from *Hoag* it might be said that this duty was created for the benefit of the petitioner and that, therefore, nonfeasance by the individual members of the commission subjects them to liability. We do not so hold, however, by reason of the philosophy of this court as expressed in *Evans, supra.*

In *Evans,* we said in effect that there are certain fields, such as sovereign immunity, in which the courts should leave establishment of substantive law to the legislative branch. We have the same view as to the matter under consideration. If the General Assembly has the intent that employees and

guests may use this statute as the basis for civil liability, then its expression of this intent should be loud and clear, *i.e.,* by authorizing the remedy. This is not a subject in which we should attempt to infer such a legislative intent. We hold, therefore, that the petitioner may not use the statute as a basis for recovery.

Judgment affirmed.