559 P.2d 716 (1976)
Lynne SILVERSTEIN, Plaintiff-Appellant,
v.
SISTERS OF CHARITY OF LEAVENWORTH HEALTH SERVICES CORPORATION, and St. Joseph Hospital, Inc., Defendants-Appellees.
No. 75-896.
Colorado Court of Appeals.
September 30, 1976.
Rehearing Denied November 12, 1976.
Certiorari Denied January 24, 1977.
*717 Steven L. Zimmerman, Joseph M. Epstein, Denver, for plaintiff-appellant.
Holme, Roberts & Owen, Richard L. Schrepferman, Jack L. Richtsmeier, Denver, for defendants-appellees.
Selected for Official Publication.
PIERCE, Judge.
This is an appeal perfected under C.R. C.P. 54(b) concerning the dismissal of certain portions of plaintiff's complaint. We affirm in part and reverse in part.
Plaintiff, an epileptic, sued two defendant health care corporations because of their alleged refusal to employ her as a respiratory therapist. She sought damages based on three separate claims for relief: Breach of contract; unlawful discrimination against a physically disabled person contrary to § 24-34-801(1)(b), C.R.S.1973 (the state act); and unlawful employment discrimination against a handicapped individual contrary to the Federal Rehabilitation Act of 1973, 29 U.S.C. § 794 (the federal act). Exemplary damages were prayed for in conjunction with the two statutory claims. In a fourth claim for relief, plaintiff sought a declaratory judgment regarding defendants' alleged policy of not employing her, because she is an epileptic, in a position involving direct patient care, challenging that policy as unlawful under both the state and federal acts. A general prayer for attorney's fees also appeared in her complaint.
Defendants moved to dismiss both statutory claims, the claim for declaratory relief, and the prayers for exemplary damages and fees. The trial court thereafter dismissed the claims for damages and declaratory relief premised on the state act and ordered the prayers for exemplary damages stricken *718 from the complaint. Only the breach of contract action and the claims seeking damages and a declaratory judgment based on the federal act were retained for future adjudication. We affirm the dismissal of the state statutory claim for damages, and the striking of prayers for exemplary damages and fees, but reverse the dismissal of the prayer for declaratory relief under the state act.

I.
Plaintiff's first contention is that the trial court erred in dismissing her claim for damages based on the state act, the relevant portions of which provide that:
"The general assembly hereby declares that it is the policy of the state:"
. . . . .
"That the . . . physically disabled shall be employed in . . . employment supported in whole or in part by public funds on the same terms and conditions as the able-bodied unless it is shown that the particular disability prevents the performance of the work involved . . .."
Section 24-34-801, C.R.S.1973.
Plaintiff concedes that this 1971 enactment does not expressly provide for civil actions for compensatory or exemplary damages. She also acknowledges that the legislature provided a criminal penalty for such violations in § 24-34-802, C.R.S.1973, making interference with the declared rights a misdemeanor. She contends, however, that despite the absence of statutory authorization, a private right of action for employment discrimination against the physically disabled should be implied and enforced by the Colorado courts. In this regard, she cites federal cases dealing with analogous situations as authority that a civil damages remedy must be implied in order to effectuate the expressed legislative purpose. See Euresti v. Stenner, 458 F.2d 1115 (10th Cir. 1975); Wills v. Trans World Airlines, Inc., 200 F.Supp. 360 (S.D.Cal.1961). But see Securities Investor Protection Corp. v. Barbour, 421 U.S. 412, 95 S.Ct. 1733, 44 L.Ed.2d 263 (1975). However, we rule that there is no civil action for damages for a violation of § 24-34-801, C.R.S.1973, and thus, the trial court properly dismissed that portion of plaintiff's complaint.
The relevant portions of that statute confer new rights and duties, unknown at common law, and provide criminal penalties for violations thereof. Where a statute creates legal duties and provides a particular means for their enforcement, the designated remedy excludes all others. Colorado Cent. R. Co. v. Humphreys, 16 Colo. 34, 26 P. 165 (1891). See also Board of County Commissioners v. HAD Enterprises, Inc., 35 Colo.App. 162, 533 P.2d 45 (1974). Here, there is no question but that the legislature could have authorized civil penalties for violation of the act. See § 24-34-502, C.R.S. 1973; cf. W. T. Grant Co. v. Casady, 117 Colo. 405, 188 P.2d 881 (1948). However, it chose to impose only a criminal sanction. Therefore, we have no authority to impose civil liability. Quintano v. Industrial Commission, 178 Colo. 131, 495 P.2d 1137 (1972). See also Swenson v. LaShell, 118 Colo. 333, 195 P.2d 385 (1948).
Plaintiff argues that the criminal penalty provided is inadequate to protect the rights of handicapped persons. However, the legislature sought to deter such discrimination by making violation of the statute a misdemeanor; thus, we cannot disturb its apparent determination that the criminal penalty provided is an adequate remedy. Board of County Commissioners v. Pfeifer, Colo., 546 P.2d 946 (1976).
Plaintiff seeks to distinguish the present situation from those presented in the cases we have cited, characterizing those decisions as pertaining to statutory obligations created in favor of the public at large, rather than legislation designed to benefit particular individuals or classes. See People ex rel. Lamar Publishing Co. v. Hoag, 54 Colo. 542, 131 P. 400 (1913). However, in Quintano v. Industrial Commission, supra, a case involving statutory duties created for the benefit of a particular class, our Supreme Court indicated that in the area of remedies in furtherance of legislative purposes *719 the courts should proceed with great caution, leaving determination of the appropriate means of enforcement to the legislature.

II.
Plaintiff also contends that the trial court erred in striking her prayers for exemplary damages under both acts. We uphold the dismissal.
As to the exemplary damages claim premised on violation of the state act, we again note that no provision for compensatory damages or exemplary damages appears in the statute. Since plaintiff's claim in this regard is based entirely on the legislative enactment, and the statute does not provide for exemplary damages, no exemplary damages could be awarded even if a civil action for compensatory damages were to be implied. See Ossman v. Mountain States Telephone & Telegraph Co., 184 Colo. 360, 520 P.2d 738 (1974); Miller v. Kaiser, 164 Colo. 206, 433 P.2d 772 (1967).
A different situation is presented in plaintiff's challenge to dismissal of the prayer for exemplary damages for the asserted violation of the federal act. The trial court did not dismiss the claim for compensatory damages based on the federal statute, apparently relying on federal decisions implying civil causes of action for damages in furtherance of remedial statutes. The question then raised is whether exemplary damages would be recoverable when viewed within the context of an implied claim for monetary relief. We have found no cases dealing with the issue of the appropriateness of exemplary damages for violation of the federal act. The act reads, in part, as follows:
"No otherwise qualified handicapped individual in the United States . . . shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."
29 U.S.C. § 794.
This statutory section was patterned after a provision of the Civil Rights Act of 1964, 42 U.S.C. § 2000d-1. See 2 CCH Employment Practices Guide, ¶ 5293 (1975). See also 42 U.S.C. § 2000e. Some courts have held that exemplary damages might be appropriate in cases brought under provisions of the Civil Rights Act, see Tooles v. Kellogg Co., 336 F.Supp. 14 (D.Neb.1972). Other courts have held to the contrary, concluding that Congress intended only to provide the victims of discrimination an opportunity to be hired, not that they be awarded monetary judgments of a punitive nature. See, e. g., Van Hoomissen v. Xerox Corp., 368 F.Supp. 829 (N.D.Cal.1973). The United States Supreme Court has acknowledged the existence of such disparate rulings, see Johnson v. Railroad Express Agency, Inc., 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed. 295 (1975). However, it has not yet ruled on the question. In our opinion, the view expressed in Van Hoomissen represents the better-reasoned position. This holding is in accord with other decisions regarding the appropriateness of exemplary damages in actions involving similar statutes. See, e. g., Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). Cf. Wills v. Trans World Airlines, Inc., supra.

III.
Plaintiff also challenges the trial court's order striking her prayer for attorney's fees. She concedes that as a general rule, fees are not recoverable as an item of damages in the absence of express contractual or statutory liability. See Beebe v. Pierce, 185 Colo. 34, 521 P.2d 1263 (1974); Stoebuck, Counsel Fees Included in Costs: A Logical Development, 38 Colo.L.Rev. 202 (1966). She contends, however, that the instant case falls under two exceptions to the rule of nonrecovery discussed by the Colorado Supreme Court in Denver Association for Retarded Children, Inc., v. School District No. 1, Colo., 535 P.2d 200 (1975). The exceptions deemed applicable here are the "private attorney general" and "obdurate behavior" doctrines. It is our conclusion that, despite the recognition of these *720 exceptional situations in the context of the cited case, here the trial court acted properly in dismissing plaintiff's prayer for fees as the proffered exceptions were inapplicable.
Ample authority exists for our rejection of the "private attorney general" rationale for recovery of fees in the present case, both as a matter of federal and of state law. See Alyeska Pipeline Service Co. v. The Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); Denver Association for Retarded Children, Inc. v. School District No. 1, supra. Our conclusion in this regard is strengthened by the existence of express statutory provisions for the recovery of fees in certain specific situations. See Alyeska Pipeline Service Co. v. The Wilderness Society, supra. See also 42 U.S.C. § 2000e-5; Wade v. Mississippi Cooperative Extension Service, 378 F.Supp. 1251 (N.D.Miss.1974). Since no specific legislative authorization appears in either act, such an award would be improper.
Plaintiff urges, however, that fees might be awarded under the "obdurate behavior" doctrine, where the losing party is shown to have acted in bad faith or for oppressive reasons. See Hall v. Cole, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). Related to this bad faith doctrine is the concept of an award of fees as exemplary damages to punish behavior of an aggravated nature. See Nationwide Resources Corp. v. Superior Court, Colo., 552 P.2d 1008 (announced August 3, 1976); Beebe v. Pierce, supra. It is apparent, however, that no award of fees as exemplary damages is possible here, since no exemplary damages are recoverable for a purported violation of the federal and state acts.

IV.
Plaintiff's final contention is that the trial court erred in dismissing her claim for a declaratory judgment regarding the defendant's alleged employment policy. We agree that this claim for relief was improperly dismissed.
Section 13-51-101 et seq., C.R.S. 1973, the Uniform Declaratory Judgments Law, is designed to afford parties relief from uncertainty with respect to their rights and status under law, and is to be liberally construed and administered. See § 13-51-102, C.R.S.1973; C.R.C.P. 57(k); Colorado State Board of Optometric Examiners v. Dixon, 165 Colo. 488, 440 P.2d 287 (1968). One whose rights or status may be affected by statute is entitled to have any question of construction determined provided that a substantial controversy between adverse parties of sufficient immediacy to warrant the issuance of a declaratory judgment exists. C.R.C.P. 57(b); Preiser v. Newkirk, 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). Thus, one whose rights are favorably affected by a statute is entitled to seek a judicial determination thereof so long as the court is provided with a properly adverse context. See Colorado State Board of Optometric Examiners v. Dixon, supra.
Here plaintiff seeks a judgment regarding the applicability of the state act to the challenged employment policy which determination would serve to resolve future controversies in this regard. See Crowe v. Wheeler, 165 Colo. 289, 439 P.2d 50 (1968); American Federation of Labor v. Reilly, 113 Colo. 90, 155 P.2d 145 (1944). Thus, although we have held that plaintiff has no civil remedy for monetary damages under the state act, we do not foreclose the pursuance of declaratory or equitable relief which we find to have been clearly within the legislative intent. See Gurmankin v. Costanzo, 411 F.Supp. 982 (E.D.Penn.1976). See also Euresti v. Stenner, supra.
Judgment affirmed in part and reversed in part and cause remanded with directions to reinstate the declaratory judgment claim.
COYTE and RULAND, JJ., concur.