Delicia MARTINEZ and Reynaldo
Martinez, Plaintiffs-Appellants,

v.

CITY OF LAKEWOOD, a municipal
corporation, Defendant-Appellee,

and

Jerome G. Downing, Personal Representative of the Estate of Olive McCaffery,
also known as Olive Georgianna McCaffery, decedent, Defendant.

No. 81CA1006.

Colorado Court of Appeals,
Div. II.

Aug. 19, 1982.

Rehearing Denied Sept. 16, 1982.

Certiorari Denied Dec. 13, 1982.

Hoffman & McDermott, Gene M. Hoffman, Leland P. Anderson, Denver, for
plaintiffs-appellants.

Wood, Ris & Hames, P.C., F. Michael
Ludwig, Joel A. Moritz, Denver, for defendant-appellee.

BERMAN, Judge.

In this personal injury action, plaintiffs,
Delicia and Reynaldo Martinez, appeal the
summary judgment granted by the district
court premised on its ruling that there was

no duty owed to the plaintiffs by defendant City of Lakewood (City). We reverse and remand.

The accident out of which this action arose occurred as Delicia Martinez attempted to cross a Lakewood street in an area of that street which is unimproved and contains no crosswalks or sidewalks. After leaving work and proceeding down the driveway from her place of business, Delicia stepped into the street either in front of or behind an illegally parked car and was struck by an oncoming car proceeding south. A photograph submitted into evidence showed that an existing "no parking" sign was obscured by overgrowth.

The trial court granted the defendant's motion for summary judgment based upon the fact that "this is a nonfeasance type of tort theory of liability that the plaintiff seeks to impose upon the City of Lakewood" and "if there is any duty owed by the city, I would have to hold that it was a duty to the public at large and, therefore, this particular plaintiff cannot recover based upon such a duty." The court then stated that it would have ruled differently if the City had taken some action and installed some sidewalks or provided ingress or egress or crosswalks.

The plaintiffs allege that the trial court erred when it found that this was a case of nonfeasance. They stress that the undisputed evidence demonstrates that the City of Lakewood took affirmative action to alleviate a known hazardous condition, specifically the poor visibility for persons and traffic at the intersection of the driveway of the business where the injured plaintiff was employed and the street in question. They further assert that once the defendant undertook this affirmative duty, it was under a duty to act reasonably. Plaintiffs also argue that the trial court improperly ruled, on the authority of *Turner v. Grier*, 43 Colo.App. 395, 608 P.2d 356 (1979) and *Quintano v. Industrial Commission*, 178 Colo. 131, 495 P.2d 1137 (1972), that if any duty was owed by the City of Lakewood, it was a public duty, and that there was no special duty to the injured plaintiff.

The City, however, claims that when and whether the City of Lakewood installs crosswalks, sidewalks, stop lights, and no parking signs is within its discretion, as is the extent of its action. The City concedes that a reading of the transcript of the trial court's ruling indicates that the trial court, in relying on *Turner v. Grier, supra,* and *Quintano v. Industrial Commission, supra,* fused two separate issues, *i.e.,* whether the City had negligently failed to enforce its "no parking" ordinance and whether the City had a duty to plaintiff to provide crosswalks or sidewalks. However, the City argues that the conclusions reached by the trial court were correct and that if any duty was owed, it was owed to the public generally.

The record demonstrates, through the numerous work orders introduced, that the City was aware that there were "visibility problems" in the area in which the accident occurred. As an attempt to alleviate the visibility problem, a "no parking" sign was posted. The record also substantiates the injured plaintiff's position that at the time of the accident, the car around which the injured plaintiff stepped was illegally parked.

The City is correct in contending that the decision as to whether to install sidewalks, to provide crosswalks, and to provide an ingress or egress is at the discretion of the City. *Wheeler v. Baker,* 636 P.2d 1326 (Colo.App.1981) (cert. granted November 23, 1981). However, once the City attempted to alleviate the problem, an affirmative duty arose, and it had the duty, to use reasonable care to protect foreseeable plaintiffs. *DeCaire v. Public Service Co.,* 173 Colo. 402, 479 P.2d 964 (1971); *Leppke v. Segura,* 632 P.2d 1057 (Colo.App. 1981). *See also Smith v. Godin,* 61 Ill. App.3d 480, 18 Ill.Dec. 754, 378 N.E.2d 218 (1978); *Payton v. U.S.,* 679 F.2d 475 (5th Cir.1982).

■ We hold that the injured plaintiff was a foreseeable victim, in that the purpose behind the attempt to increase visibility was to prevent accidents, both to pedestrians and other automobiles. Left unresolved, and inappropriate for summary judgment, were questions of fact, such as whether poor visibility was the proximate cause of the accident and whether the City breached its duty of care to the plaintiffs.

■ The plaintiffs contend that the trial court erred when it stated that if any duty were owed it was a public duty and not a special duty to this particular plaintiff. We agree.

The trial court misapplied *Turner v. Grier, supra,* and *Quintano v. Industrial Commission, supra,* in making its determination. In *Turner v. Grier, supra,* the court held that the fire district did not owe a duty to the plaintiff because she was not a foreseeable plaintiff. The opinion stated that while there was a duty owed to the public to provide a reasonably safe ingress and egress to and from the school grounds where a special show was taking place, it did not extend to a public road where the accident occurred, 150 yards away from the area controlled by the district. However, the court did state, in dicta, that the plaintiff was included within the class to whom the duty was owed. This assessment is consistent with our conclusion here.

*Quintano v. Industrial Commission, supra,* involved a suit brought against the Industrial Commission and its three commissioners in their individual capacities for the injuries sustained by the plaintiff while he was on the job. The plaintiff there argued that the statutory duty to inspect work places had been breached. On certiorari from this court, the Supreme Court found that sovereign immunity precluded a suit against the commission. And, although it examined the concept of public duty, upon which this court had based its holding, the concept was not applied by the Supreme Court in its finding that the individual com-

missioners were not liable. Rather, the Supreme Court based its conclusion upon the fact that it was dealing with a statutorily imposed duty and that specific statute did not confer the basis for civil liability.

The City has conceded that sovereign immunity is not a defense, and therefore, we do not reach any issues concerning its applicability here. *See Stephen v. Denver,* 641 P.2d 295 (Colo.App.1981) (cert. granted March 8, 1982). The duty of the City to the plaintiffs, unlike that in *Quintano v. Industrial Commission, supra,* has its basis in the common law and has been consistently recognized. *E.g., Thorpe v. Denver,* 30 Colo. App. 284, 494 P.2d 129 (1971). Furthermore, there now exists the governmental immunity statute which, though not directly applicable to the situation here, addresses the issue of abrogation of sovereign immunity. It states that the intention of the General Assembly is to treat the public entity as if it were a private person. *See* § 24–10–107, C.R.S. 1973. *See also Commercial Carrier Corp. v. Indian River,* 371 So.2d 1010 (Fla.1979); *Baran v. Chicago Heights,* 43 Ill.2d 177, 251 N.E.2d 227 (1969).

■ Moreover, the concept of public duty, *i.e.,* a general duty versus a special duty "is [merely] a function of municipal sovereign immunity and not a traditional negligence concept which has a meaning apart from the governmental setting. Accordingly, its efficacy is dependent on the continuing vitality of the doctrine of sovereign immunity." *Commercial Carrier Corp. v. Indian River, supra.* The concept of a public duty cannot stand either with the enactment of the statute abrogating sovereign immunity, nor in instances where there is a common law duty of a public entity to the plaintiff. As noted in numerous opinions from various jurisdictions, application of the public duty—special duty dichotomy results in "a duty to none where there is a duty to all." *Stewart v. Schmieder,* 386 So.2d 1351 (La.1980); *Commercial Carrier Corp. v. Indian River, supra; Adams v. Alaska,* 555 P.2d 235 (Alaska 1976).

Therefore, we conclude that summary judgment was improperly entered here.

*See Americans United for Separation of Church & State Fund, Inc. v. Colorado,* 648 P.2d 1072 (Colo.1982). There are unresolved questions of fact to be determined by the trier of facts. These questions include whether the City breached its duty to the plaintiffs, whether the breach was a substantial factor in causing the plaintiff's injuries, whether the City had notice of the illegally parked car, and whether the injured plaintiff was contributorily negligent.

The judgment is reversed and the cause is remanded to the district court for further proceedings in conformity with this opinion.

PIERCE and STERNBERG, JJ., concur.