Sheila R. KARR, Plaintiff-Appellant,

v.

The CITY AND COUNTY OF DENVER, a municipal corporation, Defendant-Appellee.

No. 82CA0425.

Colorado Court of Appeals, Div. II.

Feb. 9, 1984.

Michael F. Morrissey, Denver, for plaintiff-appellant.

Max P. Zall, Denver City Atty., Carl R. Mangino, Asst. City Atty., Denver, for defendant-appellee.

SMITH, Judge.

Plaintiff, Sheila Karr, appeals from the trial court's entry of summary judgment dismissing her complaint with prejudice. We affirm.

Plaintiff alleged in her complaint against the City and County of Denver, in summary, that she was struck and injured by an automobile while she was attempting to cross an intersection in Denver. She alleged that at the intersection in question, which was maintained by the City, there existed a dangerous condition which interfered with the movement of pedestrian traffic in such a way as to constitute a risk to the safety of the public, that the City knew of the danger, and that it was negligent in failing to provide a pedestrian walklight at this intersection. She further alleged that it was as a direct and proximate result of this negligence that she was injured while attempting to cross the street.

The City filed a motion for judgment on the pleadings or summary judgment. Depositions, affidavits, and exhibits, both in support and in opposition to the motion, were filed by the parties.

The trial court, at the conclusion of the hearing on the summary judgment motion, dismissed plaintiff's complaint on the basis, *inter alia*, that:

"[T]here is no genuine issue of fact that the intersection where plaintiff was injured was in a dangerous condition[;] therefore, sovereign immunity is a defense pursuant to C.R.S. § 24–10–108."

On summary judgment all factual disputes must be considered as if they were resolved in favor of the non-moving party. Having treated the factual issues in the instant case in this manner, we are left with what is essentially a question of law. *O'Herron v. State Farm Mutual Automobile Insurance Co.*, 156 Colo. 164, 397 P.2d 227 (1964).

That question may be posed thus: Where the flow of pedestrian and vehicle traffic is, and for some time has been, controlled at an intersection by regular stoplights, and where the pedestrian traffic and vehicle-pedestrian accidents have substantially increased since the intersection was originally designed and constructed, does the failure of the City to install a pedestrian "walk" light result in a "dangerous condition" under the provisions of the Colorado Governmental Immunity Act? We hold that, under the terms of that Act, it does not and conclude that, therefore, plaintiff's claim is statutorily barred.

Section 24–10–106(1), C.R.S. (1982 Repl. Vol. 10) provides:

"A public entity shall be immune from liability in all claims for injury which are actionable in tort except as provided oth-

erwise in this section. Sovereign immunity, whether previously available as a defense or not, shall not be asserted by a public entity as a defense in an action for damages for injuries resulting from:

\* \* \* \* \* \*

(d) A dangerous condition which interferes with the movement of traffic on the traveled portion and shoulders or curbs of any public highway, road, street, or sidewalk ...."

Section 24–10–103(1), C.R.S. (1982 Repl. Vol. 10) defines "dangerous condition," as relevant here, as relating to the physical condition of any public highway, road, or street, where the physical condition of such facilities or the use thereof constitutes a risk to the health or safety of the public when such condition is known to exist or which in the exercise of reasonable care should have been known to exist and which condition is caused by the negligent act or omission of the public entity in constructing or maintaining such facility. The last sentence of this definition reads as follows:

"A dangerous condition shall not exist solely because the design of any facility set forth in this subsection (1) is inadequate in relation to its present use."

We consider this exception to be dispositive here.

Since traffic control devices, such as stop signs and traffic lights, are an integral part of the street system, *Stephen v. City & County of Denver*, 659 P.2d 666 (Colo. 1983), they are part and parcel of the overall design and construction of the intersection.

There has been no assertion here that the intersection was negligently designed or constructed, or that it was being improperly maintained. Neither has there been any allegation that the traffic lights, at the time of plaintiff's injury, were not working properly, nor that the ability of all parties to observe them was obscured. The sole thrust of plaintiff's complaint is that because of increased pedestrian traffic the original intersection design, consisting of red and green traffic flow lights has become inadequate, resulting in the existence of a "dangerous condition."

■ It would thus appear that, while the negligence of a public entity in designing or constructing portions of a street or highway system or in maintaining them free of defects or obstructions is actionable under the immunity statute, the failure to modify or improve them to make them safer in light of changing use is not.

Because the Governmental Immunity Act creates an absolute bar to an action under the facts here, we need not deal with the thorny problems of whether, under negligence law, a "duty" should be imposed upon a public entity. The cases dealing with those issues such as *Thorpe v. Denver*, 30 Colo.App. 284, 494 P.2d 129 (1971) which dealt with a malfunctioning traffic light, and *Martinez v. City of Lakewood*, 655 P.2d 1388 (Colo.App.1982) involving a no parking sign which had become obstructed by overgrowth are inapposite. The statutorily created doctrine of sovereign immunity did not exist when *Thorpe* was decided and does not appear to have been asserted in *Martinez*. Even if the statute had been in issue when those cases were decided, they could have been maintained under the "dangerous condition" exception to the immunity statute by virtue of the rule announced in *Stephen v. City & County of Denver, supra.*

In *Stephen* (the only case discussing the statute) a stop sign had been twisted by unknown persons in such a manner that it faced the wrong street, thus defeating its ability to control traffic at the intersection. The Supreme Court there held, under the immunity statute, that the failure of the city to maintain, in operable condition, the traffic control devices it had erected, created a "dangerous condition" under the specific language of § 24–10–103(1), C.R.S., and that there was therefore no immunity. The exclusion from "dangerous condition" with which we are concerned here was not involved in *Stephen*.

The most recent case, *Wheeler v. County of Eagle*, 666 P.2d 559 (Colo.1983), concerned a county road where trees and

bushes extended to the edge of the roadway forcing pedestrians to walk on the pavement. The Supreme Court, in that case, did not discuss either the bar of immunity or "dangerous condition" but merely decided that genuine issues of fact existed as to whether the county failed in its duty to exercise reasonable care to ensure the safety of motorists and pedestrians who travelled upon the county road. *Wheeler*, therefore is not applicable and is of no assistance here.

In light of the fact that the bar of the statute precludes the bringing of the instant action the question relating to duty and its attendant problems under negligence doctrines need not be addressed.

The judgment is therefore affirmed.

VAN CISE and KELLY, JJ., concur.