**VIRDANCO, INC., an Illinois corporation, Plaintiff–Appellee,**

v.

**MTS INTERNATIONAL and Robert C. Hughes, Defendants–Appellants.**

**No. 90CA1590.**

Colorado Court of Appeals, Div. III.

Sept. 26, 1991.

Berenbaum & Weinshienk, P.C., Martin D. Buckley and David H. Goldberg, Denver, for plaintiff-appellee.

Epstein & Lawrence, P.C., Scott W. Lawrence and James S. Miller, Denver, for defendants-appellants.

Opinion by Judge TURSI.

Defendants, MTS International and Robert C. Hughes, appeal the final judgment entered against them by the trial court, jointly and severally, and in favor of plaintiff, Virdanco, Inc., on its claim for exemplary damages attendant to defendants' breach of fiduciary duties. We affirm.

Hughes is the president, director, and sole shareholder of MTS, a collection agency, to which Virdanco referred its accounts receivable for collection.

This dispute commenced when MTS failed to honor Virdanco's request for an accounting of money collected on its accounts. Although MTS eventually sent Virdanco a reconciliation of accounts, Virdanco rejected the reconciliation as containing numerous discrepancies and inaccuracies contrary to the parties' agreement. MTS attempted to settle the dispute by, among other things, refusing to remit Virdanco's proceeds unless another $600,000 of business was pledged to MTS and tendering a check with a restrictive endorsement for a small percentage of what Virdanco was owed.

Virdanco continued to contest the reconciliation, returned the check, terminated its relationship with MTS, and demanded return and receipt of its accounts, records, and proceeds. Instead, MTS billed Virdanco for withdrawal fees to which MTS was not entitled.

Virdanco commenced this action by filing claims for breach of fiduciary duty. As its relief, Virdanco sought an award of compensatory damages for MTS' breach of fiduciary duties, the amount of which was to be determined by an accounting, exemplary damages, interest, and attorney fees.

Virdanco prevailed upon its claims, and the trial court entered findings of fact and conclusions of law in which it set forth

numerous bases for its award of exemplary damages attendant to MTS' egregious tortious breaches. The trial court also rejected MTS' request for an informal accounting between the parties, and it ordered MTS to turn over all records and files to the master appointed to perform the accounting.

Judgment in favor of Virdanco was entered on its claims for relief, and compensatory damages in the minimum amount of $30,000 were awarded, subject to an increase as necessitated by the results of the accounting. Virdanco was also awarded prejudgment interest, exemplary damages in the amount of $100,000, and attorney fees.

Virdanco's subsequent attempt to execute on its judgment was frustrated when MTS moved to vacate the order for an accounting, to accept its reconciliation of accounts showing an amount of $31,022.56 owing to Virdanco, and to set aside the award of exemplary damages. When the trial court denied its motion, MTS responded by appealing the finality of the judgment to this court. We agreed that the uncertain damages prevented the judgment from being certified as final, and the cause was remanded to the district court. *Virdanco v. MTS International*, 791 P.2d 1236 (Colo.App.1990).

Virdanco then filed a motion for entry of final judgment upon which it could execute. Because Virdanco requested amendment of the judgment to reflect an award of compensatory damages in the amount of $31,022.56, it agreed to waive its right to an accounting. The trial court granted the motion and awarded Virdanco the sum certain of compensatory damages, and the judgment was amended to reflect Virdanco's abandonment of its right to an accounting. All other relief to which Virdanco was entitled in the first judgment was incorporated in the final judgment.

## I.

Defendants primarily contend that the trial court's award of exemplary damages was erroneous because the action is equitable in nature. We disagree.

Plaintiff's request for an accounting was ancillary to its tortious breach of fiduciary duty claim and was abandoned to permit entry of a final judgment on its legal claim for relief. *See* C.R.C.P. 54(b).

When determining the legal or equitable character of an action which may commingle legal and equitable claims and remedies, we must examine the complaint and discern its basic thrust. *Snow Basin, Ltd. v. Boettcher & Co.*, 805 P.2d 1151 (Colo.App.1990). The determinative issue is the characterization of the nature of the relief which is sought. *Continental Title Co. v. District Court*, 645 P.2d 1310 (Colo. 1982).

We conclude that Virdanco's primary purpose was to recover relief in the form of compensatory damages for defendants' tortious breach of their fiduciary duties.

The nature of plaintiff's breach of fiduciary claim is legal, and an award of damages constitute an adequate remedy at law. *Mahoney Marketing Corp. v. Sentry Builders*, 697 P.2d 1139 (Colo.App.1985). An accounting claim, though generally equitable in nature, here was simply a means by which to arrive at an accurate calculation of compensatory damages. *See Andrikopoulos v. Broadmoor Management Co.*, 670 P.2d 435 (Colo.App.1983).

An award of exemplary damages is appropriate in breach of fiduciary duty cases which are attended by wanton and reckless conduct. *Holter v. Moore & Co.*, 681 P.2d 962 (Colo.App.1983). Accordingly, the trial court properly awarded plaintiff exemplary damages based upon defendants' conduct stemming from its tortious breach.

## II.

Defendants next contend that the trial court violated the Colorado Fair Debt Collection Practices Act by awarding plaintiff exemplary damages. We disagree.

Section 12-14-113(1), C.R.S. (1990 Cum. Supp.) provides that a collection agency is civilly liable for all actual damages, costs, and attorney fees, and for additional dam-

ages in an amount not to exceed $1,000 which are incurred as a result of its violation of the provisions of § 12–14–101, et seq., C.R.S. (1990 Cum.Supp.). However, § 12–14–134, C.R.S. (1990 Cum.Supp.) states: "The remedies provided in this article are in addition to and not exclusive of any other remedies provided by law."

■ Designated statutory remedies must be followed exclusively if the statute creates legal duties which were unknown at common law and provides a particular means for their enforcement. *Silverstein v. Sisters of Charity,* 38 Colo.App. 286, 559 P.2d 716 (1976). However, pre-existing common law rights and remedies are not terminated absent clear legislative intent to abrogate them by the enactment of a new right. *Farmers Group, Inc. v. Williams,* 805 P.2d 419 (Colo.1991).

■ We must glean the General Assembly's intent by construing the plain language of the statute. *Farmers Group, Inc. v. Williams, supra.* Here, the language of § 12–14–134 expressly permits parties to pursue other remedies, evincing the General Assembly's intention not to abrogate pre-existing common law fiduciary duties and remedies by the enactment of this statutory scheme. Therefore, although plaintiff relied in part upon the Act, defendants' breach of fiduciary duties did in fact result in tort liability, and the trial court properly awarded plaintiff exemplary damages upon its finding of wanton and reckless conduct. *See Farmers Group, Inc. v. Williams, supra.*

### III.

■ We also reject defendants' contention that, because the trial court awarded exemplary damages before the amount of compensatory damages was fixed, a premature and excessive award was granted on a claim accruing before July 1, 1986.

The trial court, as the finder of fact, is vested with the discretion to award reasonable punitive damages in appropriate circumstances. *Palmer v. A.H. Robins Co.,* 684 P.2d 187 (Colo.1984). Moreover, the record in this case reflects that exemplary damages were awarded to punish defendants' conduct and to deter them from further misconduct, and there was ample evidence to support the reasonableness of the award. *See Palmer v. A.H. Robins Co., supra.*

The trial court also possesses discretion to revise its judgment at any time before it becomes final. C.R.C.P. 54(b). However, the trial court did not do so, and defendants have failed to present any evidence that the exemplary damages award was entered erroneously in the final judgment.

Therefore, defendants have not overcome the presumption that the trial court's award was reasonable and supported by the record, *see Vogel v. Carolina International, Inc.,* 711 P.2d 708 (Colo.App.1985), and we will not overturn the award upon review. *See Soneff v. Harlan,* 712 P.2d 1084 (Colo.App.1985).

### IV.

■ Finally, we disagree with Hughes' contention that he cannot be held personally liable for damages caused by corporate acts or omissions.

The evidence sufficiently supports the trial court's finding that Hughes personally participated in or sanctioned tortious acts. Under these circumstances, the trial court properly entered judgment against him personally and held him jointly and severally liable. *See Sanford v. Kobey Brothers Construction Corp.,* 689 P.2d 724 (Colo.App.1984).

The judgment is affirmed.

RULAND and DUBOFSKY, JJ., concur.