INTERMOUNTAIN SYSTEMS, INC., Plaintiff-Appellant,

v.

GORE VALLEY/BIG HORN WATER DISTRICTS, Defendants-Appellees.

No. 82CA0470.

Colorado Court of Appeals, Div. I.

Oct. 28, 1982.

Herbert A. Shatz, Denver, for plaintiff-appellant.

Calkins, Kramer, Grimshaw & Harring, Edward J. Blieszner, James S. Bailey, Denver, for defendants-appellees.

COYTE, Judge.

Plaintiff appeals from the judgment of the trial court dismissing with prejudice his law suit for lack of standing to bring the action. We affirm.

Plaintiff was an unsuccessful bidder on a water treatment project proposed by defendants. Plaintiff filed suit for damages alleging in essence that it was the lowest bidder and that defendants acted negligently and unlawfully in awarding the contract to a contractor whose bid was higher than that of plaintiff. The trial court granted defendants' motion for judgment on the pleadings on the grounds that plaintiff lacked standing to bring the action and dismissed the action with prejudice.

The power of defendant to award the contract in question is governed by § 32–1–1001(1)(d), C.R.S.1973 (1981 Cum.Supp.), which provides that a special district may reject any and all bids.

The issue of standing to challenge the award of a public contract was addressed in *Colorado Paving Co. v. Murphy*, 78 F. 28 (8th Cir.1897), where a contractor brought suit to restrain the City and County of Denver from giving a paving contract to other than the lowest bidder, contrary to the City Charter. The court there stated:

> "[T]he lowest bidder cannot compel the issue of a writ of mandamus to force the officers of a municipality to enter into a contract with him.... And the courts hold that he cannot maintain an action at law for damages for their refusal to enter into the contract."

The rationale for this rule is that the underlying purpose of such statutes is to protect property holders and taxpayers. The advantage to be derived by individual bidders is merely incidental. Thus, statutes such as the one at issue here which govern the award of public contracts create a cause of action to challenge the propriety of an award only in taxpayers and property owners within the geographic limits of the contracting governmental body and not in the unsuccessful bidder. *Colorado Paving Co. v. Murphy, supra;* 10 *E. McQuillin, Municipal Corporations* § 29.86 (3rd ed.).

As stated in *Wimberly v. Ettenberg*, 194 Colo. 163, 570 P.2d 535 (1977):

> "When standing is in issue, the broad question is whether the plaintiff has stated a claim for relief which should be entertained in the context of a trial on the merits. If a person suffers no injury in fact, or suffers injury in fact, but not from the violation of a legal right, no relief can be afforded, and the case should be dismissed for lack of standing."

Judgment affirmed.

PIERCE and KELLY, JJ., concur.