W. Wayne JACKSON,
Plaintiff-Appellant,

v.

The METROPOLITAN DENVER SEWAGE DISPOSAL DISTRICT NO. 1,
Defendant-Appellee.

No. 83CA0245.

Colorado Court of Appeals,
Div. III.

April 12, 1984.

Rehearing Denied May 3, 1984.

Certiorari Denied Sept. 4, 1984.

Skelton, Oviatt & O'Dell, Daniel M. Gross, Wheat Ridge, for plaintiff-appellant.

Inman, Erickson & Flynn, Robert D. Inman, George M. Kelakos, Denver, for defendant-appellee.

STERNBERG, Judge.

The defendant, Metropolitan Denver Sewage Disposal District No. 1 (Metro), announced it was awarding a construction contract for the Clear Creek Parallel Interceptor Sewer project to Martin K. Eby Construction Co., Inc. (Eby), for $8,552,000. This bid was $49,556. higher than that submitted by Centennial Contractors Corporation (Centennial).

Centennial did not take legal action to prevent the award. *See Intermountain Systems, Inc. v. Gore Valley/Big Horn Water Districts*, 654 P.2d 872 (Colo.App. 1982). However, the plaintiff, W. Wayne Jackson, filed suit and sought a temporary restraining order to keep Metro from awarding the contract to anyone other than Centennial. Jackson alleged the contract was awarded contrary to § 32–4–509(7)(f), C.R.S., because it was not awarded on a "fair and competitive basis."

Jackson was a resident of the City of Arvada. Arvada was serviced by Metro. Metro assessed charges to Arvada, and Arvada then charged its residents, including Jackson, for the service provided.

The trial court, treating Jackson's pleading as a motion for a preliminary injunction, conducted a hearing. It then denied the motion, ruling that Jackson lacked standing. The court also held that, in any event, it would not intervene in this matter absent a showing of fraud or bad faith on the part of Metro (none had been alleged), and that Jackson had not demonstrated that he was likely to prevail in a trial on the merits. Jackson appeals and we affirm.

The threshold issue of this appeal is whether Jackson had standing to bring this action. We agree with the trial court that he did not.

In *Wimberly v. Ettenberg*, 194 Colo. 163, 570 P.2d 535 (1977), the Supreme Court established the test to determine whether a plaintiff has standing to sue. That test is: Has plaintiff suffered or will plaintiff and injury infact to a legally protected interest. *See also Dodge v. Department of Social Services*, 198 Colo. 379, 600 P.2d 70 (1979).

This test is "grounded in a recognition of limitations on the power vested in the judiciary by the Colorado Constitution and in considerations of judicial self-restraint and economy." *McCroskey v. Gustafson*, 638 P.2d 51 (Colo.1981). *See Colo. Const.* Art. III.

In *McCroskey, supra*, the Supreme Court approved a separate test which had been promulgated by this court in the same case, 44 Colo.App. 149, 611 P.2d 984 (1980), for application in suits in which citizen-taxpayers sought to bring a representative action on behalf of, and not against, a municipality. Jackson did not bring such an action in this case, even though Arvada would be more directly affected by Metro's increased costs. Thus, the *Wimberly-Dodge* test, rather than the *McCroskey* test of standing, applies here.

We conclude that Jackson does not satisfy the first part of the *Wimberly-Dodge* test—that he suffered or will suffer an injury in fact.

It is significant that Jackson did not bring this action in a representative capacity on behalf of all taxpayers similarly situated, nor did he bring it on behalf of the City of Arvada after having made demand upon it to bring the action. *See McCroskey v. Gustafson, supra*. Instead, Jackson alleged that Metro's award of the contract to someone other than the lowest bidder "threatens irreparable injury to the *plaintiff*." (emphasis added) Therefore, we must consider only whether Jackson himself has suffered or will suffer an injury in fact.

Jackson's suit is founded on Metro contracting for services at a rate approximately $50,000 higher than necessary because there was a lower, competent bidder. Jackson contends this resulted in an economic injury to him by virtue of a two-step process. Metro's costs were increased; there-

fore Arvada was charged more money for services rendered by Metro, and consequently, Jackson, as an Arvada water user, was ultimately charged more money by Arvada. He does not allege a specific pecuniary loss, but agrees with Metro that any damage to him would be measured in pennies. As Metro does not assess taxes, this cost increase to Jackson is indirect, through assessments by Arvada.

 Thus, the determinative quest on becomes whether alleged indirect, minute financial loss to Jackson is sufficient to confer standing under *Wimberly*. We hold that it is not. Rather, we perceive this to be the kind of "indirect or incidental economic harm" which is "insufficient to confer standing." *Wimberly v. Ettenberg, supra*. Indeed, this alleged indirect injury, in our view, is comparable to that alleged in the *Wimberly* case itself. There, bail bondsmen attacked a new release program for defendants on a particular type of bail. The bondsmen's allegation that their expected economic interest would suffer was held to be an insufficient allegation of injury to confer standing.

While courts have found sufficient standing, minus direct economic injury, when taxpayers allege an unconstitutional expenditure of public funds, *see, e.g., Conrad v. City & County of Denver*, 656 P.2d 662 (Colo.1982); *Dodge v. Department of Social Services, supra*, Jackson made no such allegation here.

In his appellate brief, Jackson alleged harm to himself and other ratepayers of a sewage district served by Metro, and also alleged he brought the suit in a sort of "watchdog" capacity on behalf of others in order to ensure proper governmental expenditures. However, he made no such allegations in his complaint, nor did he make those arguments during the hearing on his motion until Metro raised the issue of standing.

Therefore, we conclude the trial court was correct in holding that Jackson lacked standing to pursue this action.

Because of this disposition, it is unnecessary to address the other contentions of error.

The judgment is affirmed.

VAN CISE and METZGER, JJ., concur.