**Melvin MINNICK and Roy Windle, and Randy Bashore, Harold Morrow, Lenard Schmidt and John Stampel, individually, and as Representatives of a Class of Plaintiffs similarly situated, Plaintiffs–Appellants,**

**v.**

**CITY AND COUNTY OF DENVER, State of Colorado; Museum of Natural History d/b/a the Denver Museum of Natural History; Howard Electrical & Mechanical, Inc., and PCL Construction, Ltd., d/b/a PCL Construction, Incorporated, Defendants–Appellees.**

No. 88CA0379.

Colorado Court of Appeals, Div. I.

June 22, 1989.

As Modified on Denial of Rehearing Aug. 3, 1989.

Burg & Eldredge, P.C., Gerard V. Reardon, Denver, for plaintiffs-appellants Melvin Minnick and Roy Windle.

Curtis L. Kennedy, Denver, for plaintiffs-appellants Randy Bashore, Harold Morrow, Lenard Schmidt, and John Stampel individually, and as Representatives of a Class of Plaintiffs.

Stephen H. Kaplan, City Atty., and Andrew L. Weber, Asst. City Atty., Denver, for defendant-appellee City and County of Denver.

Fairfield and Woods, P.C., Peter F. Breitenstein and Neil T. Duggan, Denver, Holm & Christensen, Jon L. Holm, Denver, for defendant-appellee The Denver Museum of Natural History.

Meer & Meer, P.C., Charlane J. Plucheck, Stephen Fowler and Robert Meer, Denver, for defendant-appellee Howard Elec. & Mechanical, Inc.

Stettner, Miller & Cohn, P.C., Kate Raabe, Denver, for defendant-appellee PCL Const., Ltd.

Opinion by Judge TURSI.

Plaintiffs, Melvin Minnick, Roy Windle, Randy Bashore, Harold Morrow, Lenard Schmidt, and John Stampel, individually, and as representatives of the class of plaintiffs similarly situated, appeal from the dismissal of their complaints. We affirm.

The sole issue on appeal is whether Denver Revised Municipal Code § 20–76, which imposes a "prevailing wage" requirement on public works projects, provides a private right of action to employees who have been paid less than the prevailing wage rate. We agree with the trial court that there is no express or implied private right of action available under the ordinance.

Plaintiffs were employees of defendant, Howard Electrical & Mechanical, Inc., which was hired as a subcontractor to perform work in conjunction with the remodeling of the Museum of Natural History. The project was part of a bond issue passed by Denver voters and was overseen by the Museum's board of trustees.

At the time the construction contracts were executed and during the duration of the project, the board of trustees and the City of Denver were in disagreement over whether § 20–76 applied. Consequently, the city auditor did not enforce the prevailing wage requirement. After the project was completed, and all bond proceeds appropriated, plaintiffs, who had accepted payment of their regular wage rate while working on the project, initiated this action to recover the difference between their wage rate and the prevailing wage.

Section 20–76 provides in pertinent part: "Every worker ... employed by any contractor or subcontractor in the work ... of construction, alteration, improvement, repair ... of any public building or public work by or in behalf of the city, or for any agency of the city, or financed in whole or in part by the city ... shall be paid not less than the wages prevailing for the same class and kind of work in the city as determined by the career service board...."

The ordinance further provides that the city auditor shall not make any disbursements to the contractors if they have not paid their employees the prevailing wage rate. The city is also given the right to terminate or suspend a contractor's right to work on the project until the prevailing wage ordinance is followed. Denver Revised Municipal Code § 20–76(d). In addition, non-compliance with the ordinance may be sanctioned under the general criminal penalty contained in Denver Revised Municipal Code § 1–13. However, the ordinance is silent with regard to civil liability.

■ Three factors must be considered in determining whether a private cause of action is impliedly authorized in a statute or ordinance that does not expressly create a civil remedy. First, the plaintiff must be within the class of persons intended to be benefitted by the legislative enactment.

Second, the legislative body must have intended to create, either explicitly or implicitly, a private right of action. And third, an implied civil remedy must be consistent with the purposes of the legislative scheme. *Holter v. Moore & Co.*, 681 P.2d 962 (Colo.App.1983).

■ If a legislative body intends for the statute or ordinance to be used as a basis for civil liability, then its intent should be clearly expressed. *Board of County Commissioners v. Moreland*, 764 P.2d 812 (Colo.1988). If a statute creates legal duties and provides a particular means for their enforcement, the designated remedy excludes all others. *Silverstein v. Sisters of Charity*, 38 Colo.App. 286, 559 P.2d 716 (1976).

■ In seeking recovery under § 20–76, plaintiffs not only argue that the criteria for an implied private right of action have been satisfied, but they also rely on federal cases that have granted civil relief under a similar federal act. However, we note that these cases are distinguishable and hold no precedent for our purposes because the federal statute expressly confers a right of private action. *See Universities Research Ass'n v. Coutu*, 450 U.S. 754, 101 S.Ct. 1451, 67 L.Ed.2d 662 (1981). Therefore, while we agree that plaintiffs certainly are within a class meant to benefit by the ordinance, we are unpersuaded that the other criteria have been met.

The enforcement procedures provided for in § 20–76(d) and the absence of an express grant of civil liability indicate to us that the city council did not intend to imply a private cause of action. *See Board of County Commissioners v. Moreland, supra.* Consequently, we have no authority to impose civil liability for alleged violation of the Denver ordinance and, thus, affirm the trial court's dismissal of claims filed thereunder. This consolidated action is remanded for further proceedings concerning the

pending amended complaints against the City and County of Denver.

Judgment affirmed.

PIERCE and HUME, JJ., concur.