**L & M ENTERPRISES, INC.,
a Colorado Corporation,
Plaintiff–Appellant,**

v.

**CITY OF GOLDEN, a Colorado
Municipal Corporation, and Dan
Hartman, Defendants–Appellees.**

**No. 92CA0998.**

Colorado Court of Appeals,
Div. III.

April 22, 1993.

Stanley T. Matsunaka P.C., Stanley T. Matsunaka, Loveland, for plaintiff-appellant.

Hall & Evans, Alan Epstein, Jeffery B. Stalder, Robin Lee Beattie, Denver, for defendants-appellees.

Opinion by Judge TAUBMAN.

Plaintiff, L & M Enterprises, Inc. (L & M), appeals from the trial court's dismissal of its action against defendants, City of Golden and Dan Hartman, the City's Director of Public Works. We affirm.

L & M, a construction company, submitted a bid to the defendants for construction of certain public improvements known as the Tucker Gulch Project. However, L & M was not chosen as the contractor and, thereafter, brought this action for damages.

L & M contended in its complaint that, although it was the lowest responsible bidder, the contract was awarded to the second lowest bidder. L & M set forth three claims for relief. The first two are essentially the same, alleging that even though L & M was the lowest responsible bidder, it was not awarded the contract. Although the complaint suggests that, by virtue of a "long-standing relationship" between the second lowest bidder and Hartman's former employer, the contract was awarded to that bidder through collusion, fraud, and personal favoritism by the defendants, fraud is not specifically alleged. The third claim for relief alleged improper interference with the formation of a contract.

Defendants admitted in their answer that "no determination was made that L & M was not reliable nor responsible" and further admitted that the contract went to the second lowest bidder.

Asserting that L & M lacked standing to challenge the City's choice of successful bidder on the project, defendants moved to dismiss pursuant to C.R.C.P. 12(b). After considering matters outside the pleadings, the trial court granted defendant's motion, and this appeal followed. Under this state of the record, we treat this as an appeal from a summary judgment pursuant to C.R.C.P. 56.

Summary judgment is appropriate only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The moving party has the burden of establishing the lack of a triable factual issue, and all doubts as to the existence of such an issue must be resolved against the moving party. A party against whom summary judgment is sought is entitled to the benefit of all favorable inferences that may be drawn from the facts. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo. 1988).

On appeal, L & M asserts it has stated a viable claim under either under § 31–15–712, C.R.S. (1986 Repl.Vol. 12B) or a theory of promissory estoppel. Defendants argue that L & M has no standing to sue under either theory. We agree with defendants.

With respect to the claim based on a violation of § 31–15–712, we conclude that no private cause of action for the recovery of damages exists for such a violation, and therefore, L & M has no standing to sue based on the statute. In this regard, we

note that the individual owners or officers of L & M did not, but could have, in their capacity as taxpayers, pursued an action to invalidate the contract entered with the second lowest bidder. *See Intermountain Systems, Inc. v. Gore Valley/Bighorn Water Districts,* 654 P.2d 872 (Colo.App.1982). Furthermore, since the claim for promissory estoppel is based on the statute, plaintiffs have no standing to bring this claim either.

Finally, although on appeal L & M does not clearly articulate an argument with regard to its third cause of action, interference with the formation of a contract, we find that the complaint did not set forth a claim for relief under this tort.

## I

With regard to the claim under § 31–15–712, "absent a statute, a mere disappointed bidder, as opposed to a taxpayer or citizen of the jurisdiction involved, has no standing to bring actions to forbid violations of competitive bid laws." 10 E. McQuillin, *Municipal Corporations* § 29.-83.05 (G. O'Gradacy & C. Miller 3d ed. 1990 Rev.).

Here, the explicit language of § 31–15–712 does not provide a remedy for its violation. It states in part:

All work done by the city in the construction of works of public improvement ... shall be done by contract to the lowest responsible bidder.... If ... all bids received are too high, the city may enter into negotiations concerning the contract. No negotiated price shall exceed the lowest responsible bid previously received.

Absent any explicit remedy, the question becomes whether a private action is permissible under the statute. *See Parfrey v. Allstate Insurance Co.,* 815 P.2d 959 (Colo. App.1991), *aff'd,* 830 P.2d 905 (Colo.1992) (if no remedy specified in statute, a private cause of action may be consistent with legislative intent).

To determine whether a statute impliedly authorizes a private cause of action for the recovery of damages, three factors must be considered: (1) whether the plaintiff is within the class of persons for whose benefit the statute was enacted, (2) whether the General Assembly intended to create, either explicitly or implicitly, a private cause of action, and (3) whether an implied private cause of action would be consistent with the purpose of the legislative scheme. *Parfrey v. Allstate Insurance Co., supra.*

Here, we conclude that L & M has not satisfied the three pronged test, and therefore, no private cause of action for the recovery of damages exists under the statute.

In regard to whether L & M is among the class of persons protected by the statute, both L & M and the defendants cite *Colorado Springs v. Coray,* 25 Colo.App. 460, 139 P. 1031 (1914), which held that the nearly identical predecessor statute to § 31–15–712 was originally enacted for the protection of the public against collusion between cities and contractors. The defendants assert that *Coray* is distinguishable on the facts, but not on the law. We agree.

There is no case law which contradicts or expands upon *Coray,* and we perceive no basis for not following it; therefore, it is dispositive here. *Cf. Intermountain Systems, Inc. v. Gore Valley/Bighorn Water Districts, supra.* Hence, L & M has failed to show that it is within the class of persons for whose benefit the statute was created.

Second, there is no indication in the statutory language that the General Assembly intended to create a private cause of action under this statute for a business whose sole relationship to a public project is that of disappointed bidder. And, absent such clear expression, it would be improper for us to infer that such an action was intended. *See Quintano v. Industrial Commission,* 178 Colo. 131, 495 P.2d 1137, 1139 (1972); *Minnick v. City & County of Denver,* 784 P.2d 810 (Colo.App.1989).

Accordingly, L & M has failed to meet at least two of the criteria set out in *Parfrey* for pursuing an action under the statute, and thus, it has no standing to sue for damages under the statute.

L & M has set forth a compelling argument that, as a practical matter, members

of the public would not have the information necessary to bring a suit against the city for violating the statute and that the lowest bidder would most likely know the statute had been violated. However, L & M is unable to fulfill the legal prerequisites necessary to bring a private cause of action for recovery of damages under the statute, and thus, its argument is one more properly directed to the General Assembly.

## II

In order to assert a claim for promissory estoppel, a plaintiff must allege facts setting forth a promise by the defendant, as well as action or forbearance by the plaintiff induced by such a promise. *Kiely v. St. Germain*, 670 P.2d 764 (Colo. 1983). However, nothing in the complaint indicates that any promise was made by either the City or Hartman to L & M. Furthermore, the specific allegation of promissory estoppel was first stated in the response to the defendants' motion to dismiss. Since the claim for promissory estoppel is based on the statute and since L & M has no standing to sue under the statute, the claim for promissory estoppel must fail also.

## III

The third claim seeks recovery on the basis of "interference with the formation of a contract." However, while there is a recognized tort of interference with the formation of a contract, the proper defendant in such an action is the third party allegedly interfering with the formation of the contract, not the party with whom the plaintiff sought to contract. *Montgomery Ward & Co. v. Andrews*, 736 P.2d 40 (Colo. App.1987). Therefore, L & M cannot allege interference with contract against the City or its employee, Hartman. Hence, L & M has failed to state a claim, and the complaint is not sustainable under this theory either.

Judgment affirmed.

CRISWELL and NEY, JJ., concur.